## ROBINSON *et al. vs.* HIGHSMITH.

1. The verdict is supported by the evidence.

(*a.*) By the act of December 5, 1818, only those were permitted to draw for public lands who were citizens of the United States, and had been, for three years preceding, citizens of Georgia, including such persons as had been absent on lawful business or had served in the then late Indian war and continued to reside in the state since the time of said service.

(*b.*) The act of December 21, 1819, provided that persons who would be entitled to a draw under the original act should be entitled under the amendment, if they had been citizens of the state for three years before the passage of the amendatory act.

September 12, 1882,

CRAWFORD, Justice.

---

## SIMPSON *et al. vs.* FOX & BURNS.

69 753
Case 2
118 208

1. A bill alleged as follows: In 1867, S. purchased from B. & Co. a tract of land, and went into possession. In 1870, he paid at one time one hundred dollars, and at another time nine hundred dollars, on the purchase money. At the time of the latter payment, it was agreed that upon his delivering to B. & Co. certain logs which he had on hand and settling his accounts with them, they would make him a title to the land. He did deliver the logs, and there was no account at that date to settle. The payments were evidenced by writing. B. & Co. informed him that such receipt was a bond for title, and that he could get his title at any time. Being a cripple and ignorant and unable to read or write, he was largely dependent upon them for proper treatment. The title was never made to him, but he died in possession, and complainants, who are his heirs at law, succeeded him, and brought this bill for specific performance : *Held*, that there was equity in the bill.

2. Section 2551 of the Code is permissive, not exclusive. While ordinarily it provides the proper remedy to enforce the making of titles to the heirs of a deceased vendee, yet where there are complications arising out of a dispute concerning the contract itself, the payments or other matters concerning which equitable relief would be more effectual than a legal remedy, a resort may be had to a court of equity. 20 *Ga.,* 143.

January 16, 1882.

CRAWFORD, Justice.