THE HAMBY MOUNTAIN GOLD MINES, LIMITED, *v*. THE CALHOUN LAND AND MINING COMPANY.

| 83 | 311 |
| 89 | 184 |
| 83 | 311 |
| 108 | 335 |
| 83 | 311 |
| 116 | 768 |

1. Where pending an application for partition of realty the original petitioners sold their interest to another person, the proceedings were not thereby vacated, and it was not error to allow the other person to be made a party plaintiff in the application; it not appearing that the original petitioners were dismissed.

(*a*) Nor would service made on some of the defendants after such sale and before the purchaser was made a party, be illegal and void.

2. Where the property in question was a gold mine, and from the price shown to have been paid for it in 1830 must have been considered valuable then, and no paper title was shown as to the interest of two persons who owned, about fifty years previously, a portion of the interest claimed by petitioners, but it was shown that these two had not been heard of for a number of years, and that petitioners had claimed their alleged interest for more than thirty years and had exercised unequivocal and undisputed ownership for a long time and received all the rents of that interest (except for a short time when they received nearly all), an actual ouster as against the two persons was rightfully presumed.

May 13, 1889.

Partition. Parties. Amendment. Service. Title. Presumptions. Evidence. Ouster. Before Judge WELLBORN. White superior court. October term, 1888.

The following is an abstract of the paper title of petitioners, referred to in the decision, which states all the other material facts:

(1) A deed to the entire property from Wm. Hunt to

Henry Brannon, John G. Lumsden and Chas. P. Gordon, in trust for themselves and for Jno. Hudson, Lewellen W. Hudson, Thomas Hoxey, Thomas Hardeman and James H. Gordon, dated May 17, 1830. This deed recited receipt of the consideration named therein from Brannon, Lumsden and Chas. P. Gordon, and conveyed the property to them, their heirs and assigns. The *habendum* is unto them, their heirs and assigns, in trust for themselves and other parties named, " agreeable to an article of agreement between them."

(2) A deed conveying one eleventh part of the property, stated in the deed to be the entire interest of the grantor, by John W. Hudson to John G. Lumsden, dated August 19, 1830.

(3) A deed conveying " his entire interest, being one share and a half" in the property, from Thomas Hardeman to John G. Lumsden, dated September 4, 1841.

(4) A deed conveying all his interest " consisting of one tenth part" of the property, from Thomas Hoxey to John G. Lumsden, dated October 30, 1841.

(5) A deed conveying all his undivided interest "consisting of one tenth" of the property, from James Merriwether to John G. Lumsden, dated October 1st, 1841.

(6) A deed from Thos. R. Lumsden and others, the heirs at law of Jno. G. Lumsden, deceased, to Jesse R. Lumsden, conveying all of their interest in the property, described as six undivided eighths, but warranting the title only as to five eighths, dated February 16, 1888.

(7) A deed conveying six undivided eighths from Jesse R. Lumsden to Andrew Simonds, but warranting only as to five eighths, dated February 20th, 1888.

(8) A deed from Andrew Simonds and others, who, it is recited, contributed equally to the purchase money for the last mentioned deed, to the Calhoun Land and Mining Co., conveying six undivided eighths but warranting only against themselves and heirs, dated June 1st, 1888.

W. K. WILLIAMS, H. H. PERRY and H. H. DEAN, for plaintiffs in error.

J. J. KIMSEY, *contra.*

SIMMONS, Justice.

Thomas R. Lumsden and others, heirs at law of John G. Lumsden, deceased, filed a petition for partition in the superior court of White county against the Hamby Mountain Gold Mines, Limited, *et al.* The petition set forth that they, as heirs at law of John G. Lumsden, owned six undivided eighths of the property in question; that the Hamby Mountain Gold Mines, Limited, a corporation, owned an eighth, and that Charles P. Gordon owned the remaining eighth; that the tract, being valuable as a gold mine, could not be divided equally; and prayed the appointment of commissioners by the court, and an order authorizing said commissioners to sell the same. Service was made upon the Hamby Mountain Gold Mines, Limited, and upon the heirs at law of Charles P. Gordon.

The Hamby Mountain Gold Mines, Limited, was the only one of the defendants who appeared. This corporation appeared and objected to the partition and order applied for, on the ground that the petitioners had no title to the premises sought to be partitioned, and because Henry Branham and L. W. Hudson were cotenants and part owners of the property, and were necessary parties to the proceedings, and that they had not been notified of the application or made parties thereto. Counsel for the corporation then proposed to show that in February, 1888, and before the order was passed to perfect service on the non-resident heirs of Charles P. Gordon, the petitioners had ceased to have any interest in the premises sought to be partitioned, having on the 16th of February, 1888, conveyed all their title to one Jesse R. Lumsden, who was not a

party to the proceedings; and insisted that, therefore, the present application could not be entertained. Counsel for the petitioners admitted that they had conveyed their interest to other parties, and that the Calhoun Land & Mining Company had become the purchaser, and was then the owner thereof; and moved that said company be made a party plaintiff and the cause proceed, said company consenting thereto in open court. Counsel for the defendant corporation objected to this motion, on the ground that it would be adding a new and distinct plaintiff, and objected to the court's taking action on the application, even with such party added, on the ground that the order to serve and the service of the notice on some of the cotenants, especially the non-resident defendants, had been in the name of the original petitioners after they had ceased to have any title in the premises or right to partition, and was therefore invalid, and that an order to sell and a sale based on such notices would be invalid and not binding on such defendants as did not appear; and insisted that the present application should be dismissed. The court overruled these objections and refused to dismiss the application, and passed an order directing that the said Calhoun Land and Mining Company, it having become the purchaser of the petitioners' interest *pendente lite*, be made a party plaintiff and that the cause proceed.

The Hamby Mountain Gold Mines, Limited, excepted to the decision of the court refusing to dismiss the application, and assigned the same as error. It also excepted to the order of the court making the Calhoun Land and Mining Company a party plaintiff, and assigned the same as error. It also excepted to the action of the court in proceeding with the cause after it appeared that the proceeding aforesaid to make the non-resident defendants parties, the service upon them and the notice upon the other defendants, had been made in

the name of the original petitioners after they had parted with their title; which action it assigned as error, and says the court should have quashed the present application and directed service upon the cotenants in the name of the Calhoun Land and Mining Company, before proceeding to order a sale of the property or to hear the case. The said defendant also objected to the court's proceeding to grant the order to appoint commissioners to sell the property, on the ground that if the petitioners or their successors, the Calhoun Land and Mining Company, owned any interest in the same, it did not own six eighths, as alleged in the petition; and on the ground that Henry Branham and L. W. Hudson were each the owner of an undivided eighth of the property, and were necessary parties to the proceedings, but had not been served with notice of the application or in any way made parties to the proceedings. Counsel for the petitioners admitted that no notice had been served on or given these persons, and no effort had been made to ascertain their whereabouts, or whether they were dead or alive. They denied that Branham and Hudson owned an interest in the mine, and claimed that they owned six undivided eighths of the property, and recognized no other owner except the heirs of Charles P. Gordon and the Hamby Mountain Gold Mines, Limited, who each owned an eighth, thus making up the entire eight eighths of the property.

The trial proceeded before the court without the intervention of a jury. The petitioners introduced several deeds, which will be found in the official report, as evidence of their title. They also introduced Thomas R. Lumsden as a witness, who testified that for the past ten years he had charge of the interest of the Lumsden heirs in this property; that these heirs had claimed to own six eighths of the property all the time; that he had never heard of any one claiming any interest in the

property before or after he had had charge of it, except the Lumsden heirs and the two Gordons, C. P. and J. H., and their heirs; that the Hamby Mountain Gold Mines, Limited, now owns the J. H. Gordon interest; that no one else had anything to do with the land or claimed any interest in it except these parties; that he had never heard of any heirs of L. W. Hudson or Henry Branham ever coming to claim any interest in it; that it has been leased from time to time, but not continuously, and the rent gold not paid to the two Gordons or their heirs or representatives was paid to him as the agent for the Lumsden heirs; that there was a cabin built on the land in 1876, which has been on it ever since, though not continuously occupied; that the Nacoochee company paid him, as agent for the Lumsden heirs, five eighths of the toll gold while they worked the property (but at what time the Nacoochee company worked the mine the record does not disclose); that the Lumsden heirs had claimed a six eighths interest for over thirty years; that they claim to have had deeds to more than the deeds in evidence call for.

At the close of the evidence, counsel for the Hamby Mountain Gold Mines, Limited, still insisted on his objections that the evidence failed to show title in the plaintiff to as much as they claimed, but showed that Henry Branham and L. W. Hudson each owned an eighth interest, and that they or their heirs at law should be notified and made parties before the order appointing commissioners to make a sale of the premises was passed. The court on motion of the plaintiffs' counsel, over the objection made by the defendant's counsel, passed an order directing a sale of the property by the commissioners therein named. To this order the Hamby Mountain Gold Mines, Limited, excepted, and says it was error, because some of the defendants had been made parties and notices given them by the origi-

nal petitioners after they had parted with all their title to the property, and because the evidence showed that Branham and Hudson were cotenants in the property and had not been made parties.

1. We do not think the court erred in refusing to dismiss the application after it appeared that the original petitioners had sold their interest to the Calhoun Land and Mining Company, or that he erred in allowing said Calhoun Land and Mining Company to be made a party plaintiff in the petition for partition. It does not appear that when the Calhoun Land and Mining Company was made a party, the original petitioners were dismissed from said application. The object of the petition was to procure a partition of the mine; and when the original petitioners sold their interest to the Calhoun company pending the application for partition, it did not, in our opinion, vacate the proceedings. In the case of *Griffin* v. *Griffin*, 33 *Ga.* 107, this court, in speaking of the statute for partition which is now embraced in the code, §3996 *et seq.*, said : "The proceedings under that act, for partition of lands, are in the nature of a proceeding in equity, in which the court has all the power and jurisdiction for hearing and determining the various matters in dispute between the parties, in respect to their respective titles, and awarding a partition, according as he shall find the parties entitled, as fully and completely as if it were a bill in chancery for that purpose." This, therefore, being a proceeding in the nature of a bill in equity, we see no reason why parties plaintiff, as well as parties defendant, may not be added as often as necessary for a proper adjudication of the titles to the land. Nor would the service made on some of the defendants after the original petitioners had sold their interest and before the purchaser had been made a party, be illegal and void, as contended for by the counsel for the plaintiff in

error. We therefore hold that the court did not err in refusing to dismiss the application upon this state of facts, or in allowing the Calhoun Land and Mining Company to be made a party plaintiff.

2. It is insisted by counsel for the plaintiff in error that the court erred in ordering the sale of this land, when it appeared from the evidence that Hudson and Branham owned an interest therein, and had not been made parties. This objection is based upon the deed of William Hunt, dated May 17th, 1830. It appears that at that date William Hunt sold this land on which this mine is situated, to Henry Branham, John G. Lumsden, Charles P. Gordon, John Hudson, L. W. Hudson, Thomas Hoxie, Thomas Hardeman and James H. Gordon. The petitioners showed no paper title from S. W. Hudson or Henry Branham, and counsel for the plaintiff in error alleged that as the deed from Hunt showed them to be the owners of two eighths interest, they or their heirs still own said interest and they were necessary parties. Counsel for the defendants in error replied that it was true that the deed from Hunt, in 1830, did show that Hudson and Branham were two of the original grantees. But he claimed that the evidence showed that these persons had not been heard of for a long number of years; that the original petitioners had claimed six eighths interest in this land for more than thirty years; that they had exercised unequivocal acts of ownership over the same for a long number of years; that they had rented the same and had received six eighths of the profits thereof for thirty years, except the short time it was rented to the Nacoochee Mining Company, and that it paid them for only five eighths (what time this was done the record does not disclose); that they had built a house on the land, which had been occupied by their tenants since 1876, but not continuously; that neither Branham nor

Hudson nor their heirs at law had ever made any de- · mand on them for any of the profits or rents arising from the land or from the mine; and that after this length of time and these unequivocal acts of ownership, and this long claim of the six eighths interest by the Lumsden heirs, the court acting as a jury had a right to presume an actual ouster as against Branham and Hudson; and that the court, acting as a jury, having so found, this court should not interfere with said finding by granting a new trial. Under the evidence in the case, and considering the parties thereto, we are not disposed to interfere with the finding of the judge. As far as this record discloses, Hudson and Branham have never been heard of from the time this deed was made in 1830 up to the present time. The deed from Hunt recites that they resided in the county of Putnam, which is about one hundred and twenty-five or fifty miles from where the mine is located. From the price paid Hunt for this mine and land, the mine must have been considered valuable even as early as 1830. Persons who are acquainted with the history of those times, from 1830 up to the present, will remember that at intervals there was considerable excitement over the gold mines of this section of the State. It seems to us that if Branham or Hudson had had an interest in this mine, either they or their heirs at law would have made some claim therefor in the long period of fifty-eight years. During all that time no notice of any interest or claim of interest has ever been made by them or their heirs at law. They having given no notice of any claim during that period, and it not appearing now, we think the evidence was sufficient to authorize the finding of the judge as between the parties to the action. As for myself, I am inclined to think, under the facts of the case, that the judge, acting as a jury, had a right to presume that an actual ouster had taken place on the part of the

Lumsden heirs, against Hudson and Branham. Fisher & Taylor *v.* Prosser, 1 Cowp. Rep. 217; 1 Am. & Eng. Ency. of L., 233, and authorities cited; Freeman on Cotenancy and Partition, 241-2; Jackson *v.* Whitlock, 6 Cowen, 633; Frederick *v.* Gray, 10 Sergeant & Rawle, 182; Mehaffey *v.* Dobbs, 9 Watts, 377.

*Judgment affirmed.*