## Putzel *v.* Rice.

Fish, J. No exception was made to the charge of the court. There was some evidence to support the verdict, and as the trial judge was satisfied therewith, this court will not interfere with his discretion in overruling the motion for a new trial. *Judgment affirmed. All the Justices concurring.*

Argued February 17, — Decided March 15, 1899.

Foreclosure of lien. Before Judge Felton. Bibb superior court. April term, 1898.

*Estes & Jones*, for plaintiff in error.
*Monroe G. Ogden*, contra.

---

## Green, administrator, *v.* Grant, administrator.

Little, J. 1. A woman who married one of two brothers and survived them both, she being of no blood kin to either, and her husband dying first, is in no event an heir at law of the other.

2. As against one not an heir, an administrator may maintain an action for the recovery of land belonging to the estate of his intestate, without showing a necessity to administer the land for the purpose of paying debts. Civil Code, § 3357.

3. A judgment of a court of competent jurisdiction is binding and conclusive upon all parties properly before the court when it was rendered, and a defendant who, by a plea or answer in a pending case, seeks to avoid an existing judgment on the ground that he was not duly served, must, when there is as to him an entry of service purporting to have been made by a sheriff, traverse the return and make the officer a party to the proceeding.

4. This case, though somewhat complicated, is, upon the facts disclosed by the record, controlled by the familiar rules above laid down. The court did not err in any of the rulings excepted to, nor in directing a verdict for the plaintiff. *Judgment affirmed. All the Justices concurring.*

Argued January 31, — Decided March 16, 1899.

Complaint for land. Before Judge Fite. DeKalb superior court. August term, 1897.

*John A. Wimpy*, for plaintiff in error.
*T. J. Ripley* and *Rosser & Carter*, contra.