### McClaren, administratrix, *v.* Williams executrix, *et al.*

Holden, J. 1. Where a petition shows that the cause of action is barred by the statute of limitations, it is subject to demurrer on this ground. *Thornton* v. *Jackson* 129 *Ga.* 700 (59 S. E. 905) ; *Lang* v. *Camp Phosphate Co.,* 113 *Ga.* 1011 (39 S. E. 474).

2. Where a demurrer to a petition contained general and special grounds, and the court sustained "the demurrer" and dismissed the petition, there is no presumption that the ruling was based on any particular ground of the demurrer, but the judgment will be treated as sustaining the entire demurrer upon all of its grounds, and the judgment will be affirmed if the petition was properly dismissed for any reason set forth in the demurrer. *Gunn* v. *James,* 120 *Ga.* 482 (48 S. E. 148) ; *Huggins* v. *Southeastern Lime & Cement Co.,* 121 *Ga.* 311 (48 S. E. 933) ; *Killough* v. *Simmons,* 125 *Ga.* 101 (53 S. E. 819).

3. Where a demurrer containing general and special grounds states therein the grounds of the general demurrer first, there is no merit in the exception that "the grounds of special demurrer could not follow a general demurrer, and that the judgment of the court sustaining these grounds following the general demurrer was and is error; that the filing of a general demurrer first in the order of demurrers by defendant was and is a waiver of any and all grounds of special demurrer."

4. The administrator of the deceased owner of a judgment brought suit against the executrix of the administrator of one who, as attorney for such owner, had the judgment in his hands for collection, to recover the amount collected by such executrix on the judgment, making the following allegations: The attorney obtained such judgment for the owner in 1875, and died with such judgment in his hands for collection. The administrator on his estate was appointed in 1883, and kept the judgment alive until his death. The defendant, who was executrix of the administrator of the attorney, undertook the collection of such judgment, and received the proceeds of the collection thereof in September, 1896. The owner was dead when the collection was made; his heirs at law had heard that the debt was discharged in bankruptcy proceedings, but were ignorant of the fact that any property was subject to the judgment, and did not know of the collection until about six months before this suit was brought. Soon after they knew of the collection by the defendant, the plaintiff was appointed administrator of the deceased owner of the judgment, and brought this suit, which was filed on the 19th day of October, 1907, against the defendant as an individual and as executrix, to recover the amount she received in the collection of the judgment. *Held*, that the cause of action was barred by the statute of limitations, and the court committed no error in dismissing the petition on demurrer.

5. In view of the ruling above made, it is unnecessary to consider the other grounds of the demurrer.

*Judgment affirmed. All the Justices concur.*

Argued February 3,—Decided March 11, 1909.

Complaint. Before Judge Gober. Cobb superior court. January 6, 1908.

*H. B. Moss* and *Griffin & Attaway,* for plaintiff.

*J. J. Northcutt,* for defendant.