## HUNNICUTT *et al. v.* ROGERS *et al.*

In an action by heirs at law against their coheir to recover their distributive shares and to have the land partitioned and their shares assigned to them in severalty, it is not necessary to allege or prove lack of administration on the estate of their intestate ancestor, or, if there was administration, that the administrator had assented to the bringing of the suit.

JANUARY 11, 1911.

Partition.　Before Judge Kimsey.　Rabun superior court.　December 29, 1909.

*J. B. Jones* and *W. S. Paris,* for plaintiffs.

*H. H. Dean* and *R. E. A. Hamby,* for defendants.

EVANS, P. J.　This was a suit wherein the plaintiffs alleged, that a certain tract of land belonged to James Hunnicutt, who died in 1854, leaving a widow and eleven children, that the land was duly assigned to the widow as a dower, that the dowress died in 1899, and that the plaintiffs and defendants are the heirs at law, or purchasers from heirs at law, of James Hunnicutt; and the prayers were, for a recovery of the specific shares of the plaintiffs; that a partition of the land be had, and, if it be found impracticable to divide the land in kind, that the same be sold and the proceeds thereof

be distributed among the parties to the suit, and that the defendants, who were alleged to be in possession of the land, account for mesne profits. The present action was in renewal of one brought in 1904, which had been dismissed and recommenced within six months of the dismissal. The defendants set up title in themselves. On the trial the plaintiffs submitted proof tending to sustain the allegations of the petition. Upon the conclusion of the plaintiffs' evidence the case was submitted to the jury, who returned a verdict for the defendants. A motion for new trial was overruled, and the plaintiffs excepted.

The court instructed the jury that before the plaintiffs could recover they must either show that there was no administration upon the estate of James Hunnicutt, or, if there was administration, that the administrator had assented to the bringing of the suit. The action was substantially one to partition the land of James Hunnicutt among his heirs at law and purchasers from them. The plaintiffs were only seeking to recover in severalty their respective distributive shares in the land possessed by their coheirs. The rule first enunciated in *Greenfield* v. *McIntyre,* 112 *Ga.* 691 (38 S. E. 44), that before heirs at law may recover land which belonged to their intestate they must allege and prove that there was no administration on the estate or that the administrator, if there was one, assented to their bringing suit, has no application to a partition suit between heirs at law. The necessity of such allegation and proof in an action to recover land, brought by heirs of a deceased intestate, was evolved from a construction of certain code sections, that the primary right to recover land of a deceased intestate vests in the administrator and not in the heirs. It is plain that the construction given to these sections was in relation to suits for land held adversely to the intestate. The language of the Civil Code, § 3081: "If there be a legal representative, the right to recover it [the land] is in him; if there be none, the heirs may sue in their own name," contemplates a suit against a stranger to the estate. Whether there be administration or not, one heir has no superior right to possession over another. All the heirs are owners of the land of their ancestor, who dies intestate, as tenants in common, subject to be administered by the administrator of their ancestor, and their possession can not be disturbed even by such administrator except in specific instances. Civil Code, § 3358. An heir in possession can

not exclude a coheir simply because the administrator may sue him out of possession under certain circumstances. So that, in a partition suit between heirs, it is unnecessary to allege or prove lack of administration on the ancestor's estate, or, if there be an administrator, that he assents to a partition. There is no statute which requires it, nor can the necessity of such averment and proof be deduced from the law of procedure appertaining to actions to recover land or administration of estates. Indeed the statute relating to partition of realty expressly provides that in all cases where two or more persons are common owners of land by descent, any one of such owners may apply for a writ of partition. Civil Code, § 4786. There is not even an implication in this Code section that the moving heir must get the consent of the administrator or show that there is none before a partition of his ancestor's land may be had among the heirs at law. The instruction was erroneous; and as there was no proof as to administration on James Hunnicutt's estate, a verdict for the defendants was inevitable.

Other charges were excepted to as not being adjusted to the facts in evidence, but as a new trial is to be had, we can not anticipate that the evidence on the next trial will be the same, and for that reason forbear discussion of the merits of these assignments.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*