GEORGE *v.* BULLARD.

No. 9721.    FEBRUARY 24, 1934.

*Carl T. Hudgins,* for plaintiff in error.    *Paul L. Lindsay,* contra.

BELL, J.    In August, 1932, Bullard brought suit against George, and the defendant's demurrer to the petition being overruled, the defendant excepted.    The sole question is whether the cause of action was barred by the statute of limitations.    The petition alleged substantially the following facts:    The plaintiff was a share cropper of the defendant in the year 1922.    In the fall of that year they had a settlement in which the landlord was paid for all ad-

vances made to the cropper to aid in making the crops for that year, and after such settlement it was found that several bales of cotton were subject to equal division between them. But in lieu of division, the plaintiff, who was the cropper, deposited the cotton in a certain warehouse and obtained a warehouse receipt therefor issued jointly to the plaintiff and the defendant, the landlord. All of this was done at the direction of the defendant. This receipt was delivered to and accepted by the landlord with the understanding that the cotton would not be sold until· such time as the landlord and the cropper should both agree upon. After obtaining. possession of the receipts under this agreement, the landlord in December of the same year (1922), without the knowledge or consent of the cropper, sold the cotton and appropriated the proceeds to his own use.

The plaintiff in his petition is seeking an accounting and recovery of his share of the proceeds. The plaintiff further alleged the following: He continued to live upon the defendant's land as a cropper until the year 1930, when the relation was changed to that of landlord and tenant. On the occasion of each annual settlement when the plaintiff would make inquiry about the cotton stored in 1922, the defendant would reply that the price was too low to sell at that time, or would evade the plaintiff's question by saying that he was in a hurry and would see him later; and in view of these statements the plaintiff did not suspect any fraud or unfair dealing on the part of the defendant until the year 1932, when the defendant "ceased to stop by petitioner's home" and filed some kind of suit in a justice's court against the plaintiff in July of that year, as a result of which the plaintiff "began to grow suspicious" and on inquiry of the warehouseman discovered "for the first time" that the defendant had sold the cotton in December, 1922. The repeated statements of the defendant as narrated were made with intent to deceive and defraud the plaintiff and to lull him into a false sense of security, and accomplished that result.

The plaintiff thus undertook to show that he had been debarred or deterred from his action by fraud of the defendant, and that he could not sooner have discovered the fraud by the exercise of ordinary diligence. The allegations made for this purpose were unnecessary to the statement of a valid cause of action, unaffected by the statute of limitations, in view of the relationship of the parties and the nature of the transaction as averred in the petition.

Under the principles stated in the headnotes and the authorities there cited, the petition was not subject to demurrer upon the ground that the cause of action was barred. The court did not err in overruling the demurrer.

*Judgment affirmed. All the Justices concur, except Hutcheson, J., disqualified.*