NIXON, administratrix, *v.* NIXON *et al.*

630

No. 13755.   July 10, 1941.   Rehearing denied July 19, 1941.

*Joe M. Lang,* for plaintiff.

*Maddox & Griffin,* for defendants.

Reid, Chief Justice.   ■   This case turns upon the construction of a deed which in 1880 was executed "between Jane F. Pinson . . of the first part and Emma O. Nixon and children . . of the second part," and which, after reciting as a consideration natural love and affection and five dollars in hand paid, contained the further provision that Jane F. Pinson "hath granted, bargained, and sold and conveyed, and by these presents doth grant, bargain, and sell and convey unto the said Emma O. Nixon and children, their heirs and assigns," certain described property; and the further pertinent provisions: "To have and to hold the same for the sole and separate use and benefit of said Emma O. Nixon during her life, and at her death to be divided equally, share and share alike, between the children of said Emma O. Nixon and her husband, W. C. Nixon. . . To have and to hold said tract or parcel of land unto them, the said Emma O. Nixon and children, their heirs and assigns, together with all the singular the rights, members, and appurtenances thereunto in any manner belonging, to them and their own proper use, benefit, and behoof forever in fee simple. . . And the said Jane F. Pinson for her heirs, executors and administrators will warrant and forever defend the said bargained premises and the right and title thereof unto the said Emma O. Nixon and children, their heirs and assigns," etc.   The precise

question is, did a son of Emma O. Nixon born after the execution of the deed but during the life of Emma O. Nixon, and who predeceased her, take such a vested interest in the land conveyed that his heirs at law or his administrator for the purpose of administration could recover it after the death of Emma O. Nixon, the life-tenant? Stated another way and somewhat more abstractly, the question is did the conveyance grant an estate which vested only in the children in esse at the time of its execution and delivery, or did it open to take in afterborn children, that is those born during the existence of the intervening life-estate and before the time fixed for the remaindermen to come into possession (it being noted also that in this particular instance the afterborn child also died before the death of the life-tenant)?

One of the many statements of the legal rule applicable to such a situation is found in *Milner* v. *Gay,* 145 *Ga.* 858 (2) (90 S. E. 65), as follows: "A deed to A 'for and during his natural life, and at his death to be equally divided between the heirs at law of' A, creates a life-estate in A, with remainder to his children; the remainder estate is vested in the children in esse at the time of the execution of the deed, subject to be reopened to let in afterborn children. Upon the death of a child in esse when the deed was executed, before the death of the life-tenant, leaving a husband and a child, the latter also dying before the life-tenant's death, the husband succeeded by inheritance to the share of the deceased remainderman." In the opinion the court said: "The grant in remainder was to the children of Jno. C. Gay as a class; and the rule is that where there is a grant of a remainder to children as a class, children in esse at the time of the execution of the deed take a vested remainder, which opens for the purpose of letting in afterborn children. The rule is the same in the case of deeds and wills. *Olmstead* v. *Dunn,* 72 *Ga.* 850; *Burnett* v. *Summerlin,* 110 *Ga.* 349 (35 S. E. 655); *Crawley* v. *Kendrick,* 122 *Ga.* 183 (50 S. E. 41, 2 Ann. Cas. 643); *Cooper* v. *Mitchell Inv. Co.,* 133 *Ga.* 769 (66 S. E. 1090, 29 L. R. A. (N. S.) 291)." That decision recognized that there must be a postponement of the time when those ultimately taking would come fully into possession of their rights in the premises, in order for children not in esse at the time of death of the testator (or the grantor, if by deed) to be included. It was stated that "The deed reflects no intention on

the part of the grantor to keep the estate in nubibus till his son's death. He must have used the words 'legal heirs' in the sense of children, and under familiar rules of construction only such children as were in life at the time the deed was made took thereunder. *Turner* v. *Barber,* 131 *Ga.* 444 (62 S. E. 587); *Tharp* v. *Yarbrough,* 79 *Ga.* 382 (4 S. E. 915, 11 Am. St. R. 439); *Hollis* v. *Lawton,* 107 *Ga.* 102 (32 S. E. 846, 73 Am. St. R. 114); *Plant* v. *Plant,* 122 *Ga.* 763 (50 S. E. 961)." *Tharp* v. *Yarbrough,* supra, is somewhat typical of the cases falling within the other rule to the effect that afterborn children will be excluded. There it was held that under a conveyance to "the heirs of Robert A. Tharp" the children of Tharp were intended as the grantees, and that only those in life at the time could take, those afterborn being excluded. The question in the present case is not, as in *Keith* v. *Chastain,* 157 *Ga.* 1 (121 S. E. 233), whether a conveyance to a named person "and her children" is a good grant of an estate to the children then in esse. That such a grant was good in the present case is conceded. The point here is, were afterborn children taken within the grant of the estate upon their birth during the life of the tenant holding the precedent estate? In *Gibbons* v. *International Harvester Co.,* 146 *Ga.* 467 (91 S. E. 482), it was held: "In a devise to one for life, with remainder to his children as a class, there being no child of the life-tenant in esse at the death of the testator, the remainder is construed to be contingent until the birth of a child, when the title to the remainder immediately vests, subject to open and take in all children born before the termination of the life-estate." *Crawley* v. *Kendrick,* and *Milner* v. *Gay,* supra, were cited. Judge Lumpkin in *Plant* v. *Plant,* supra, quoted this illuminating statement from Downes, C. J., in 1 Ball and Beatty, commenting on the rule in Wild's case (6 Coke's R. 17, ed. of Thomas and Fraser, vol. 3, p. 288): "'Where the devise is in terms immediate, and so intended by the testator, and the description of the person to take is general, there none that do not fall within the description at the time of the testator's death can take; therefore the afterborn must be excluded. But where the enjoyment of the thing devised is, by the testator's expressed intent, not to be immediate by those among whom it is finally to be divided, but is postponed to a particular period, or until a particular event shall happen, then those who answer the general description at that

period, or when the event happens on which the distribution is to be made, are entitled to take.'" We think that under the language of the deed here involved the case falls squarely within the rule that permits children not in esse at the time of the execution and delivery of the deed, but born during the existence of the interval estate, to take; and that since the remainder estate vested, the heirs at law of the afterborn child (or in a proper case the administrator) may recover on the termination of the life-estate. We do not regard the provisions in the different clauses of the present deed herein set out as repugnant, but consider the intention of its grantor as clearly creating a life-estate in Emma O. Nixon and a remainder for her children of the named husband.

■ It is insisted, however, that in any event the present suit can not be maintained, because brought by the administratrix rather than the heirs at law. The Code is clear on this question (§§ 113-901, 113-907, 113-908). "As against one not an heir, an administrator may maintain an action for the recovery of land belonging to the estate of his intestate, without showing a necessity to administer the land for the purpose of paying debts." *Green* v. *Grant,* 108 *Ga.* 751 (32 S. E. 846). See *Metropolitan Life Insurance Co.* v. *Hall,* 191 *Ga.* 294 (12 S. E. 2d, 53). Although, since the present action is not one against an heir or a purchaser from an heir, such allegations would not be necessary, the amended petition does show the existence of debts and the necessity to sell and administer the interest of the decedent in the lands involved. So this point is not well taken.

■ The further point is made by a ground of the defendant's demurrer which sets up that plaintiff is barred by laches, in that no reason is alleged why she did not bring her action "at the time she alleges the same became vested." The life-tenant died in 1928, and by amendment to her petition the plaintiff alleged that before 1940 her cotenants, the defendants, had never ousted her of possession or given her express notice of adverse claim to possession of the property and had not held exclusive possession after demand. Code, § 85-1005. As between cotenants no bar is shown by mere lapse of time. *Mitchell* v. *Gunter,* 170 *Ga.* 135, 144 (152 S. E. 466). The petition showed an absence of all of the elements mentioned in the foregoing Code section which would bar the right to sue. This was not a good ground to urge against the plaintiff's

case. The petition stated a cause of action, and the judge erred in sustaining the general demurrer.

*Judgment reversed. All the Justices concur.*