### GAY *v.* RADFORD, *et vice versa.*

DUCKWORTH, Chief Justice. 1. Where the father of the plaintiff died intestate, holding possession of lands under a bond for title with a part of the purchase-price paid, he had a beneficial interest or equitable estate therein which descended to his heirs at law, and the plaintiff as the sole heir at law could bring an equitable action on the bond for title. Code §§ 113-901, 113-1603; *Simpson* v. *Fox*, 69 *Ga.* 753; *Stonecypher* v. *Coleman*, 161 *Ga.* 403 (131 S. E. 75). But before the heirs at law of a deceased intestate can recover land which had belonged to the estate of such intestate, they must allege and prove that there was no administration on the estate, or that the administrator, if there was one, assented to their bringing suit. *Greenfield* v. *McIntyre*, 112 *Ga.* 691 (38 S. E. 44); *Crummey* v. *Bentley*, 114 *Ga.* 746 (40 S. E. 765); *Clark* v. *Woody*, 197 *Ga.* 683, 684 (4) (30 S. E. 2d, 181), and citations.

2. The plaintiff's amendment, "Plaintiff alleges on information and belief that during his minority there was no guardianship that he was under, and that the estate of his father was not and is not being administered," is sufficient to meet the requirement of headnote (1) above, since a positive allegation based upon information and belief is permissible. *Allen* v. *Allen*, 196 *Ga.* 736, 747 (7) (27 S. E. 2d, 679); *Stowe* v. *Hargrove*, 203 *Ga.* 735 (3) (48 S. E. 2d, 454). The facts here are not presumably within the knowledge of the plaintiff and are not vague averments of information and belief, but are positive averments of facts. Further, these are not the ultimate facts upon which the plaintiff's cause of action is predicated, but merely averments of negative facts which must be complied with in order for the plaintiff to bring the cause of action. For a further discussion, see *Nance* v. *Daniel*, 183 *Ga.* 538 (189 S. E. 21); *Bailey* v. *B. F. Coggins Granite & Marble Industries*, 192 *Ga.* 72 (14 S. E. 2d, 568); *Allen* v. *Allen*, supra, and cases cited therein.

3. Nor can it be said that this suit is barred by laches (Code, § 37-119), since the statute of limitations will not run against a minor (§ 85-411), there having been no administrator or guardian appointed during his minority, and there having been no great delay in bringing this action

after this minor reached his majority within less than four years ago. See *Freeman* v. *Cooper*, 14 *Ga.* 238 (2); *Baker* v. *Baker*, 134 *Ga.* 138 (2) (67 S. E. 541); *Basch* v. *Frankenstein*, 134 *Ga.* 518 (68 S. E. 75); *Louisville & Nashville Railroad Co.* v. *Nelson*, 145 *Ga.* 594 (3) (89 S. E. 693).

4. The court did not err in overruling the demurrers to the original petition, which judgment is excepted to in the cross-bill of exceptions; but the court did err in sustaining ground (1) of the renewed demurrer to the petition, since the plaintiff's amendment, alleging that there was no guardianship that he was under and that the estate was never administered, met the ground of attack of the sustained demurrer to the original petition.

*Judgment reversed on the main bill of exceptions; and affirmed on the cross-bill. All the Justices concur.*

Nos. 17115, 17116.   June 13, 1950.

*Randall Evans Jr.*, for plaintiff.
*Stevens & Stevens*, for defendant.