## BALLENGER *v.* HOUSTON.

No. 17279. November 14, 1950.

*Gleason & Painter* and *A. W. Cain,* for plaintiff.

*G. W. Langford,* for defendant.

ALMAND, Justice. "Equity has jurisdiction in cases of par-

tition, whenever the remedy at law is insufficient, or peculiar circumstances render the proceeding in equity more suitable and just." Code, § 85-1501. "Where matter of account against an insolvent cotenant for past profits of the land is involved, and where partition of the premises cannot be made without a sale, equity has jurisdiction to decree partition and account. The element of account and insolvency will give equity jurisdiction." *Lowe* v. *Burke,* 79 *Ga.* 164, 165-66 (3 S. E. 449). See also *Cates* v. *Duncan,* 181 *Ga.* 686 (1) (183 S. E. 797). If a tenant in common "receives any rent or other profit, or commits any waste, or if he by any means deprives his cotenant of the use of his fair proportion of the property, or if he appropriates all to his exclusive use, or if the property is of such a character as that the use of it must necessarily be exclusive, he shall be liable to account to his cotenant." Code, § 85-1003. "If one tenant in common receives more than his share of the rents and profits, he shall be liable therefor as agent or bailee of the other cotenant." § 85-1004. A court of equity has jurisdiction over matters of accounting where the accounts are between cotenants. § 37-301. "There may be no adverse possession against a cotenant until actual ouster, or exclusive possession after demand, or express notice of adverse possession; in any of which events the cotenant may sue at law for his possession." § 85-1005. Before one cotenant can claim prescriptive title by reason of adverse possession within the meaning of Code § 85-406, 20 years from the beginning of such adverse possession must elapse before the right of the other tenant is barred. § 85-1005, supra; *Mitchell* v. *Gunter,* 170 *Ga.* 135, 144 (152 S. E. 466). If one tenant in common receives more than his share of the profits, the statute of limitations does not commence to run in his favor so as to bar an action of account by his cotenant until such tenant begins to hold such surplus adversely to the cotenant, and knowledge of that fact comes to the cotenant. *Huff* v. *McDonald,* 22 *Ga.* 131 (2); *Smith* v. *Smith,* 141 *Ga.* 629 (9) (81 S. E. 895); *George* v. *Bullard,* 178 *Ga.* 589 (2) (173 S. E. 920). In an equitable action for the partition of land and for an accounting, the defense of laches raised by general demurrer is not well taken when the pleaded facts show that the plaintiff, upon being informed that the defendant, her cotenant, was asserting title to the property

and refused to account for the rents and profits, promptly instituted her action for partition and accounting. See *Teasley v. Bradley*, 110 *Ga.* 497 (1) (35 S. E. 782) ; *Reynolds* v. *Dorsey*, 188 *Ga.* 218 (3 S. E. 2d, 564) ; *City of McRae* v. *Folsom*, 191 *Ga.* 272 (11 S. E. 2d, 900).

We have examined the special grounds of the several demurrers, all of which challenged the legal sufficiency of the allegations of fact in certain stated paragraphs of the original petition and the amendments thereto. The special grounds of demurrer which were not met by the amendments to the petition are without merit.

Applying the foregoing principles of law to the petition as amended in this case, it was error for the trial judge to sustain the general and special demurrers.

*Judgment reversed. All the Justices concur.*