CHAMBERS, executrix, *et al. v.* SCHALL, administratrix, *et al.*

No. 17798.   ARGUED MARCH 10, 1952—DECIDED APRIL 16, 1952.

*V. J. Adams* and *T. A. Jacobs Jr.,* for plaintiffs in error.

*Benning M. Grice, Charles M. Cork, Jones, Jones & Sparks* and *Hall & Block,* contra.

HEAD, Justice. ■ "There may be no adverse possession against a cotenant until actual ouster, or exclusive possession after

demand, or express notice of adverse possession; in any of which events the cotenant may sue at law for his possession." Code, § 85-1005.

It is alleged that the petitioners made a demand on the defendants on May 30, 1950, that they account to the petitioners for their share of the rents and profits of the estate of Louis Schall. (In the second count it is alleged that on May 1, 1951, the petitioners demanded of the defendants that they account to the petitioners for their share of the rents and profits of the estate of Jacob Schall.) It is asserted that it was not until May 30, 1950, the date of the demand for the accounting and the refusal thereof by the defendants, that the petitioners learned that the defendants were claiming to be the exclusive owners of the property described.

Counsel for the defendants make an able and vigorous argument that the exclusive use and occupancy of the property, and the retention of all rents and profits therefrom, without an accounting to the cotenants, or recognition of their interest, in the long period of time since the death of the persons under whom the petitioners claim, would require the presumption that there had been an actual ouster of the petitioners.

"That one cotenant may occupy more than his proportionate share of the property, or even that he may be in possession of all of it, does not necessarily imply an ouster, the presumption being that his possession is not adverse, but is in common with the others, or for the common benefit, unless and until the contrary appears." *Hardin* v. *Council,* 200 *Ga.* 822, 831 (38 S. E. 2d, 549), and cases cited. The fact that parties are in exclusive possession of land by their tenants or agents, and that all rents collected from the land are paid to them, is insufficient to make out a case of adverse holding by one cotenant against another. *Morgan* v. *Mitchell,* 104 *Ga.* 596, 597 (30 S. E. 792); *Erwin* v. *Miller,* 203 *Ga.* 58, 62 (45 S. E. 2d, 192).

Ordinarily, the question of whether ouster results from occupation and possession in a given case is a question of fact for a jury. *Roumillot* v. *Gardner,* 113 *Ga.* 60, 62 (38 S. E. 362). The petition in the present case does not allege facts from which ouster would be presumed as a matter of law.

In *Hamby Mountain Gold Mines* v. *Calhoun Land & Mining*

*Co.,* 83 *Ga.* 311 (9 S. E. 831), cited and relied upon by the defendants, the holding that an ouster might be presumed as against two persons (not parties to the case), who had not been heard of for a number of years, was made on a consideration of the evidence. The facts of that case distinguish it from the present one.

■ The defendants in their demurrers assert that the action of the petitioners is barred by laches. It is pointed out that Jacob Schall died in 1877, and Louis Schall died in 1920, and that no claim has been made by the petitioners in the intervening years to any interest in the property of either, while during all this period of time the defendants have been asserting ownership by collecting and retaining all of the rents and profits.

"As between cotenants no bar is shown by mere lapse of time." *Nixon* v. *Nixon,* 192 *Ga.* 629, 633 (15 S. E. 2d, 883). Presumptively, the possession of one cotenant is in favor of the title of all, and the collection of rents is for the benefit of all. Since it is asserted that the petitioners had no notice that the defendants were claiming to be the exclusive owners of the property until a short time before the filing of the action, it can not be held that the pleadings show that the petitioners are guilty of laches. It will be a question of fact for the determination of a jury whether there has been such laches on the part of the petitioners as would make it inequitable for them to recover.

The trial court did not err in overruling the general grounds of the defendants' demurrers.

■ The petition seeks an equitable partitioning of the common property by sale and an accounting for rents and profits. Where a number of cotenants are in possession of all of the common property, and are collecting the rents and profits thereof, an equitable action for partitioning and accounting by those not in possession of the property is a proper remedy. *Logan* v. *Goodall,* 42 *Ga.* 95, 96; *Daniel* v. *Daniel,* 102 *Ga.* 181, 184 (28 S. E. 167); *Cates* v. *Duncan,* 181 *Ga.* 686 (183 S. E. 797).

The present action is brought by named persons as heirs at law and cotenants with the defendants, suing as individuals, and by two of the alleged cotenants, suing as temporary administrators of immediate deceased ancestors. The action not being one to recover land, but an action in equity by cotenants for parti-

tioning by sale and for accounting, the rule that, before heirs can sue to recover land in their own name, they must allege and prove that there is no administration upon the estate of their deceased intestate, or if an administration, that the administrator has consented to the bringing of the action (*Gay* v. *Radford*, 207 *Ga.* 38, 59 S. E. 2d, 915), has no application. Since this is not an action to recover land, the rule that a temporary administrator can not sue for the recovery of land has no application.

The present action for partitioning and accounting by heirs, alleged to be tenants in common with those actually in possession of the property, is a valid action (*Hunnicutt* v. *Rogers*, 135 *Ga.* 595, 69 S. E. 913); and a valid action is not destroyed by an unnecessary allegation that a certain heir has qualified as the temporary administrator of a deceased ancestor.

■ "If one tenant in common receives more than his share of the rents and profits, he shall be liable therefor as agent or bailee of the other cotenant." Code, § 85-1004.

"If one tenant in common receives more than his share of the profits, the statute of limitations does not commence to run in his favor so as to bar an action of account by his cotenant until such tenant begins to hold such surplus adversely to the cotenant, and knowledge of that fact comes to the cotenant. *Huff* v. *McDonald*, 22 *Ga.* 131 (2); *Smith* v. *Smith*, 141 *Ga.* 629 (9) (81 S. E. 895); *George* v. *Bullard*, 178 *Ga.* 589 (2) (173 S. E. 920)." *Ballenger* v. *Houston*, 207 *Ga.* 438, 440 (62 S. E. 2d, 189).

The petitioners having alleged that they made demand upon their cotenants for a settlement and accounting of the rents and profits on May 30, 1950, and that the petitioners did not know that their cotenants were claiming to be the exclusive owners of the property until the date of the demand and refusal, the demurrers of the defendants attacking the rights of the petitioners to recover certain rents and profits as being barred by the statute of limitations were properly overruled.

In so far, however, as the petitioners are seeking to recover from Mrs. Julia Chambers, as executrix of the will of Herman Schall, for rents and profits alleged to have been collected by Herman Schall, as administrator of the estate of Louis Schall, the petitioners' demands are barred by the statute of limitations. This is true for the reason that our law requires that administra-

tors and executors shall settle the debts of the deceased, in whole or in part, within the first twelve months after qualifying as such administrator or executor. Code, §§ 113-1507, 113-1101. When Mrs. Julia Chambers, as executrix of the will of Herman Schall, failed to make a settlement with the petitioners for the rents and profits alleged to have been collected by Herman Schall, as administrator as aforesaid, the statute of limitations began to run at the end of the first year after her qualification, and the petitioners' demands for a recovery of these sums were barred ten years after the right of action accrued. Code, § 3-709; *McClaren v. Williams,* 132 *Ga.* 352, 353 (4) (64 S. E. 65). The court erred in overruling the grounds of the demurrers attacking the allegations of the petition seeking a recovery against Mrs. Julia Chambers, as executrix of the will of Herman Schall.

The rulings previously made dispose of the main questions made by the demurrers. There are a number of grounds of the demurrers that are not insisted upon by the defendants. These grounds have been examined and are without merit.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Wyatt, J., who dissents.*

WYATT, J., dissenting. I dissent from that portion of the opinion holding that the petition insofar as it seeks recovery from Mrs. Julia Chambers as executrix of Herman Schall is barred by the statute of limitations; and concur in the remainder of the opinion.