United States of America *et al.* v. Bullard *et al.*

Hawkins, Justice. John J. Bullard, in behalf of himself and others similarly situated, instituted suit against Mrs. Virginia Price Bowen, in Glynn Superior Court, upon a promissory note not then due, seeking appointment of a receiver to take charge of all her property and assets, alleging himself to be insecure because of jeopardy assessments issued against John Horace Bowen for additional income taxes, interest, and penalties, totaling $466,263.59, claimed by the United States of America, and assessments of like amounts against Mrs. Virginia Price Bowen, his wife, as transferee of her husband's assets. The petition alleged that the properties and assets in the hands of Mrs. Bowen were not transferred to her by her husband, but were acquired by her through her own business transactions; and that, if her property was seized and sold to satisfy her husband's taxes, her creditors would be without a remedy for the collection of their claims. Service of Bullard's complaint was acknowledged in behalf of Mrs. Bowen, who, by her answer, admitted all allegations of the plaintiff's petition and consented to the appointment of a receiver.

Interventions in the cause were allowed and filed by various other parties, alleging themselves to be creditors of the defendant Mrs. Bowen, some of them holding mortgages and loan deeds on certain described real and personal property of the defendant, and seeking judgments there-

on. A separate suit against the defendant by still another person, alleging himself to be a creditor, and the defendant a trustee for him, with respect to certain funds entrusted to her, was, by order of the court, consolidated with and treated as an intervention in the Bullard cause.

Neither the United States of America, the Commissioner of Internal Revenue, nor the Collector of Internal Revenue for Georgia, who are plaintiffs in error in this court, appeared in said cause prior to being served with the citation and bar order of March 6, 1952, ordering them to appear and intervene by May 19, 1952. By their demurrer the jurisdiction of the court to cite the plaintiffs in error to plead in the cause or undertake to bar tax claims of the United States from assets held by the receiver was assailed.

The plaintiffs in error except to and seek review of an order, entered in Glynn Superior Court, overruling their demurrer to the jurisdiction, attacking an order and citation entered pursuant to Georgia Code (Ann. Supp.), § 37-410, and served upon the respective plaintiffs in error as provided by law, citing all creditors of Mrs. Virginia Price Bowen generally, and the plaintiffs in error specifically, directing that they intervene in the cause and set up their claims to assets held by the receivers, or be forever barred from participation therein or further proceeding against them. *Held:*

1. While it is universally recognized that "The United States, as sovereign, is immune from suit save as it consents to be sued . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit" (United States *v.* Sherwood, 312 U. S. 584, 586, 61 Sup. Ct. 767, 85 L. ed. 1058; Lynch *v.* United States, 292 U. S. 571, 54 Sup. Ct. 840, 78 L. ed. 1434; Munro *v.* United States, 303 U. S. 36, 58 Sup. Ct. 421, 82 L. ed. 633; State of Minnesota *v.* United States, 305 U. S. 382, 59 Sup. Ct. 292, 83 L. ed. 235; Cheatham *v.* United States, 92 U. S. 85, 23 L. ed. 561, 563), yet where, as in this case, civil litigation involving conflicting claims of ownership of real and personal property and a receivership is pending in a State court having jurisdiction of the subject matter, wherein certain parties by interventions duly allowed seek the foreclosure of mortgages and loan deeds upon real and personal property on which the United States claims a lien under jeopardy assessments issued by the Collector of Internal Revenue for unpaid income taxes, the United States may be made a party to such proceeding under the provisions of 28 U. S. C. A. § 2410 (a), that "the United States may be named a party in any civil action or suit . . in any State court having jurisdiction of the subject matter, to quiet title to or for the foreclosure of a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien," by the issuance and proper service of a bar order such as is authorized under Georgia Code (Ann. Supp.) § 37-410. United States *v.* Middle States Oil Corporation, 18 Fed. 2d, 231 (57 A. L. R. 848); United States *v.* Whisenant (Texas Civ. App.), 75 S. W. 2d, 958; Phelan *v.* Middle States Oil Co., 15 Fed. 2d, 88, 89; 75 C. J. S. 908, § 271; Jones *v.* Tower Production Co., 138 Fed. 2d, 675; Adler *v.* Nicholas, 166 Fed. 2d, 674; United States *v.*

Sentinel Fire Insurance Co., 178 Fed. 2d, 217, 222 (4); Wells *v*. Long, 162 Fed. 2d, 842; Douglas Properties *v*. Stix, 118 Fla. 354 (159 So. 1 (8)). See also, in this connection, United States *v*. Yellow Cab Co., 340 U. S. 543, 554 (71 Sup. Ct. 399, 95 L. ed. 523).

2. The bar order having been issued and properly served upon the plaintiffs in error, the trial court did not err in overruling their demurrer attacking the jurisdiction of the court.

*Judgment affirmed. All the Justices concur, except Head, J., not participating.*

No. 17980. Argued September 8, 1952—Decided October 14, 1952—Rehearing denied November 13, 1952.

*J. Saxton Daniel, J. Ellis Mundy, H. A. Stephens Jr., U. S. Attorneys,* and *Donald H. Fraser, Assistant U. S. Attorney,* for plaintiff in error.

*Newell Edenfield, M. Neil Andrews, Andrews, Nall & Sterne, R. J. Lipschutz, L. E. McNatt, W. Glenn Thomas, Bernard N. Nightingale* and *Reese, Bennet & Gilbert,* contra.

### On Motion for Rehearing.

Hawkins, Justice. The only question presented by the record before us is the one dealt with in the opinion in this case, that is, whether the United States has consented to be impleaded in a case of this character, and the answer to that question is found in that portion of 28 U. S. C. A. § 2410 (a) quoted in the opinion, the clear and unambiguous language of which requires no construction, either strict or liberal. Questions raised by the motion for rehearing—(1) That the plaintiff's original petition stated no cause of action, and (2) that litigation was already pending in the Federal court between the parties, and that for this reason the State court was without jurisdiction— were not raised by the record, and were not passed upon by this court. The defendants' demurrer did not attack the petition, but only the jurisdiction of the court to issue the bar order, and no plea in bar was filed setting up the pendency of another proceeding in the Federal court. These questions, not having been raised in the trial court, were not and cannot now be passed upon by this court.

*Motion for rehearing denied.*