19645. CITY OF WARM SPRINGS *v.* BULLOCH *et al.*

DUCKWORTH, Chief Justice. 1. Where, as here, the petitioner in a partitioning proceeding prays for an accounting for water sold from a spring on the property to be partitioned by one of the tenants in common, and alleges that a lease agreement, whereby petitioner's interest in said water rights had been granted to the City of Warm Springs, had been declared void by the decision of this court in *City of Warm Springs* v. *Bulloch,* 212 *Ga.* 149 (91 S. E. 2d 13), and he has not received compensation for vast quantities of water used from said spring, the only accounting available to the petitioner is one in equity under Code §§ 37-301 and 85-1501, and this court has jurisdiction of the writ of error, there being no adequate remedy at law for an accounting for the use of said water by another tenant in common. *Andrews* v. *Murphy,* 12 *Ga.* 431, 436; *Lowe* v. *Burke,* 79 *Ga.* 164 (3 S. E. 449); *Saffold* v. *Anderson,* 162 *Ga.* 408 (1) (134 S. E. 81); *Cates* v. *Duncan,* 181 *Ga.* 686 (1) (183 S. E. 797); *Werner* v. *Werner,* 196 *Ga.* 1, 5 (25 S. E. 2d 676, 146 A. L. R. 1263); *Ballenger* v. *Houston,* 207 *Ga.* 438, 440 (62 S. E. 2d 189); *Mills* v. *Williams,* 208 *Ga.*

425 (1) (67 S. E. 2d 212); *Chambers* v. *Schall,* 209 *Ga.* 18, 21 (70 S. E. 2d 463).

2. The petition here, as amended, showing that the parties are tenants in common of an undivided interest in common property, which under Code § 85-1511 cannot be partitioned by metes and bounds, and the allegations showing that a valuable spring is located thereon, the prayers being for the appointment of commissioners to sell the described land and for an accounting for water sold by one of the tenants in common, the City of Warm Springs, the petition alleges a cause of action for the relief sought, and the court did not err in overruling the general demurrers thereto, *Smith* v. *King,* 50 *Ga.* 192 (3); *Waycross Military Assn.* v. *Hiers,* 209 *Ga.* 812 (3) (76 S. E. 2d 486).

3. While, as stated in *Hill* v. *McCandless,* 198 *Ga.* 737 (32 S. E. 2d 774), all parties having an interest in the property sought to be partitioned must be named defendants, and the United States Government, as alleged in the petition, has an easement or grant of two-thirds of the water flow to the spring located on the land to which all the interests of all the tenants in common are subject, yet, since only the property subject to said grant or easement is sought to be partitioned here, it is not necessary for the United States Government to be named as a party defendant, even if such might be done with or without its permission and consent. See *U. S.* v. *Bullard,* 209 *Ga.* 426 (73 S. E. 2d 179).

4. Careful examination of the special demurrers fails to disclose any merit therein, and, as the petition alleges a cause of action, the court did not err in overruling the demurrers to the petition as amended.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 11, 1957—DECIDED APRIL 8, 1957.

*George C. Kennedy,* for plaintiff in error.
*Walter D. Sanders, Welborn B. Davis, Jr.,* contra.