Cain *et al. vs.* Furlow *et al.*

ELIZABETH CAIN *et al.*, plaintiffs in error, *vs.* T. M. FURLOW *et al.*, defendants in error.

(TRIPPE, Judge, did not preside in this case.)

1. Where a tenant in common takes possession of the entire property and divides it into town lots, which were sold by him, from time to time, to various persons, the statute of limitations ran in favor of said vendees as against the co-tenants of the vendor, and at the expiration of seven years, peaceable and uninterrupted possession, they would have a valid prescriptive title. (R.)

2. Prior to the Act of 1866, the real estate belonging to the wife, on her marriage, vested in and passed to the husband in the same manner as personal property. (R.)

3. The husband being still in life, the statute of limitations ran against him from the time his title accrued, and he being barred, his wife can stand in no better position. (R.)

Tenants in common. Prescription. Statute of limitations. Husband and wife. Before Judge CLARK. Sumter Superior Court. October Adjourned Term, 1872.

For the facts of this case, see the decision.

VASON & DAVIS; PHIL. COOK, for plaintiffs in error.

W. A. HAWKINS; R. F. LYON; C. T. GOODE, for defendants.

WARNER, Chief Justice.

1. The complainants filed their bill against the defendants, alleging that the defendants are tenants in common with them and are in possession of lot number one hundred and seventy-five, in the twenty-seventh district of Sumter county, on which a considerable portion of the city of Americus is located, and prayed for a sale of the premises and for a partition of the proceeds of the sale thereof. The defendants demurred to the complainants' bill for want of equity, and also filed a special plea in bar of the complainants' right to the relief sought by their bill. The Court sustained the demurrer and plea and dismissed the bill, and the complainants excepted. The defendants allege in their plea that they have a good prescriptive right to the land sued for, that they have been in the

peaceable and uninterrupted enjoyment, use and possession of the said land for more than seven years prior to the institution of said suit, under color of title and claim of right, *bona fide* claiming the same without notice of the said complainants' pretended claim, or of any defect in their title, nor do they believe that the said complainants have any legal right to the same, or to the *mesne* profits thereof, which plea is verified under oath.    On the hearing in the Court below, the truth of the plea was not disputed, but it is insisted here that as the record shows that one Harrison, who had purchased only a part interest in the lot of land, afterwards took possession of the entire lot and divided it into town lots, which was sold by him, from time to time, to the defendants, who, it is claimed, are tenants in common with the complainants, and being so, the statute did not run in their favor against the complainants. The defendants' claim under Harrison's deed, and the possession of Harrison and sale of the entire lot to the defendants as his property, and their possession under his deed, was a disseizin and ouster of the other tenants in common, if, indeed, they ever were tenants in common with the complainants, and the possession of the defendants under Harrison's deed was adverse to the complainants, and the statute ran in their favor as against them : *Horne et al. vs. Harrell,* decided at the last term of the Court, not yet reported.    It is also insisted that, inasmuch as it is alleged in the bill and admitted by the demurrer thereto that Harrison purchased one-ninth undivided part of said land at sheriff's sale, as the property of one Cain, who derived his title to the land in right of his wife, Elizabeth Cain, one of the complainants; that she is not now barred from asserting the wife's equity to her interest in the land as against the defendants.

2. As the law stood prior to the Act of 1866, as was decided by this Court in *Prescott & Pace vs. Jones & Peavy,* 29 *Georgia Reports,* 58, the real estate belonging to the wife on her intermarriage vested in and passed to her husband in the same manner as personal property.

3. The husband of Mrs. Cain is still in life ; the statute ran

against him from the time his title accrued, and he being barred, his wife is also barred: *Shipp vs. Wingfield*, decided at the last term, not yet reported.

Let the judgment of the Court below be affirmed.