1. Where the other elements of prescription are present, adverse possession of lands, commenced in good faith and continued for seven years, under written evidence of title, will give title by prescription.
(a) "There may be no adverse possession against a cotenant until actual ouster, or exclusive possession after demand, or express notice of adverse possession; in any of which events the cotenant may sue at law for his possession." Code, § 85-1005.
(b) A party claiming prescriptive title as against a cotenant has the burden of showing not only the usual elements of prescription, but, in addition thereto, at least one of the conditions stated in the foregoing section as to cotenants.
(c) Where land was owned by two persons as tenants in common, and one of them took a deed from a third person purporting to convey to himself the whole of the common property, and had such deed recorded, and where, under the facts and circumstances, the conveyance amounted to nothing more as between the cotenants than the removal of an encumbrance for which they were both liable, possession of the land by the grantee, under such deed, would not (assuming good faith) constitute such an ouster of the other cotenant as would lay a foundation for the commencement of adverse possession against him, unless it was accompanied by a hostile claim of which he had actual notice, or by unequivocal acts of possession so visible, hostile, exclusive, and notorious that such notice may be fairly presumed.
(d) In the instant case, the plaintiff relied solely upon a claim of ouster as opening her right to assert adverse possession. The allegations were insufficient to show the ouster claimed, and the petition was, therefore, subject to demurrer on the ground that it did not state a cause of action.
2. In order for a widow to be the personal representative of her deceased husband, who died intestate leaving no lineal descendants, in the sense that she may sue as the representative of the estate to cancel a deed, it is essential that at the time the suit is instituted there be no outstanding debts against the estate. In the instant case, the petition affirmatively showed that there was such a debt, and there being no allegation that there was no administration on the estate, or that there was an administrator and that he assented to the suit, the petition was subject to general demurrer for the additional reason that it showed upon its face that the plaintiff was not entitled, as widow and sole heir at law, to maintain the action.
 No. 15374. MAY 14, 1946. REHEARING DENIED JUNE 6, 1946.
In June, 1945, Mrs. John M. Council filed a suit in equity in the Superior Court of Sumter County, against J. C. Beasley, as Superintendent of Banks, H. H. Hardin, as transferee, and other persons, praying for injunction, cancellation, and other relief. *Page 823 
The petition was based mainly upon alleged prescriptive title claimed by the plaintiff with respect to an equitable interest in realty situated in Sumter County, which interest the Superintendent of Banks of Georgia was advertising for sale under a security deed that was made in 1928 by Harris S. Council, then a cotenant of the plaintiff's husband, since deceased, to Planters Bank of Americus, which later failed and was placed in the hands of the Superintendent of Banks for liquidation. A demurrer to the petition as amended was overruled, and the demurrants excepted. The petition as amended alleged substantially the following facts:
On February 5, 1914, M. B. Council executed a deed, conveying to John M. Council and Harris S. Council the fee-simple title to a described tract of land in Sumter County, consisting of 650 acres, more or less, which deed was duly recorded in the deed records of Sumter County.
On February 24, 1925, the said John M. Council and Harris S. Council conveyed said land to Federal Land Bank of Columbia, South Carolina, by a security deed, for the purpose of securing a loan of $15,000, which deed was also duly recorded.
On January 22, 1930, John M. Council and Harris S. Council conveyed the said property to Growers Finance Corporation, for the purpose of securing an alleged debt of $7500, as evidenced by a note of the grantors, the deed as to said land being made subject only to the security deed previously made to the Federal Land Bank, as described above.
On January 17, 1933, Growers Finance Corporation, acting under a power of sale contained in its security deed, sold the property therein described, and itself became the purchaser, for the sum of $100, and as attorney in fact for the debtors made to itself a deed accordingly, subject to the above described security deed to Federal Land Bank. The deed so made by Growers Finance Corporation to itself was duly recorded on February 14, 1933. On the same day to wit, January 17, 1933, Growers Finance Corporation, for a recited consideration of $100, sold and conveyed the same property to John M. Council, by a deed, which was in like manner duly recorded on February 14, 1933, and which also contained a recital that it was made subject to the security deed of Federal Land Bank.
"7. Petitioner shows that John M. Council died intestate on *Page 824 
July 28, 1937, leaving petitioner as his sole surviving heir at law; that from January 17, 1933, petitioner and her predecessor in title, John M. Council, have been in open, public, notorious, continuance [?], exclusive, uninterrupted, peaceable, and adverse possession of said described lands, under and by virtue of the deed from Growers Finance Corporation referred to in paragraph six hereof; that such possession has been evidenced by the annual cultivation of the usual crops thereon, and by the use and occupation thereof, and by otherwise exercising full and complete dominion over the same. Petitioner further shows that since January 17, 1933, she and her predecessor in title have paid the taxes on said lands, and have paid the annual installment due the Federal Land Bank on the loan held by said bank on said land and referred to in paragraph three hereof, and have spent large sums for improvements, all of which have been in good faith.
"8. Petitioner alleges that by reason of the foregoing facts she is the owner in fee simple of said described lands, subject only to the outstanding loan in favor of the Federal Land Bank, of which loan there is a large amount still unpaid. Petitioner shows in this connection that the allegations herein with reference to the title and ownership of said lands apply to all of said tract of land described in paragraph two hereof, except ninety acres off of lot No. 101, which was acquired by Sumter County, Georgia, in condemnation proceedings on or about December 31, 1943."
The plaintiff shows that notwithstanding her title and ownership of said described property, there is now running in the Americus Times-Recorder, an advertisement signed "Harris S. Council, by J. C. Beasley, Superintendent of Banks, for the use of H. H. Hardin," which advertisement offers for sale a one-half undivided interest in her property. A copy of this advertisement was attached as an exhibit to the petition, and contained the following recitals:
On November 1, 1928, Harris S. Council conveyed a one-half undivided interest in the tract of land in question to Planters Bank of Americus to secure a stated indebtedness (about $14,000), by a security deed which was recorded on November 28, 1928; that Planters Bank later failed and was taken over by the banking department of the State of Georgia for the purpose of liquidation; and that the notes secured by such deed were endorsed *Page 825 
by the Planters Bank and were delivered by the Superintendent of Banks to H. H. Hardin, who is now the present owner and holder of said notes and security deed, though the legal title is in the Superintendent of Banks; that the said notes have been due since November 15, 1929, and have not been paid; that the property will be sold on the first Tuesday in July, 1945, as the property of Harris S. Council, by virtue of a power of sale contained in such security deed, and that the Superintendent of Banks will make title to the purchaser.
There was also attached to the petition as amended a copy of the deed from Harris S. Council to Planters Bank of Americus, purporting to convey the one-half undivided interest of the grantor in the described land, subject to the security deed to Federal Land Bank, as above mentioned. This deed by Harris S. Council is the deed against which the plaintiff asserts title by prescription, in virtue of the deed from Growers Finance Corporation to her husband, dated January 17, 1933, and purporting to convey the entire equity in the property, subject to the security deed to Federal Land Bank as stated above, which deed from Growers Finance Corporation to John M. Council isclaimed as color of title for the purpose of such alleged title by prescription.
Continuing, the petition alleged: H. H. Hardin, one of the defendants, is not a bona fide holder for value of the notes referred to in the security deed under which said advertisement is being run; said notes purporting to be signed by the defendant Harris S. Council are without consideration and are null and void, and the security deed given to Planters Bank and referred to in said advertisement is likewise null and void, in that it is wholly without consideration, and the title to said property did not and could not pass under said void security deed, and no part of the title to said property is now vested in the Superintendent of Banks.
"11. Petitioner shows that she and her predecessor in title have been in possession of said land, under written evidence of title, for more than seven years, as has been hereinbefore set out. That such possession and title have been adverse to the holder of the security deed, mentioned in said advertisement, for more than seven years after the maturity of the notes described in said security deed, and for this reason the holder of said security deed *Page 826 
can claim no title or interest in said lands under such deed, which would not [?] be superior to petitioner's title."
Said advertisement is misleading and confusing, in that the deed on which said advertisement is based expressly states that such deed is made subject to an outstanding loan in favor of Federal Land Bank; and as heretofore stated, said loan is still outstanding and a large part thereof is still unpaid, but said advertisement makes no mention of such outstanding loan deed, but purports to offer for sale an unincumbered title to a one-half interest in said land. The plaintiff alleges that such advertisement is not fair, in that it fails to disclose just what interest will be conveyed to the purchaser in and to said lands, or that anything other than an unincumbered title will be conveyed.
The plaintiff has no adequate remedy at law, and unless a court of equity intervenes for her protection, she will suffer irreparable loss, in that the title to her property will be complicated, and a sale of a half interest in her property under said purported advertisement and security deed will create an additional cloud on her title, and will cause a multiplicity of suits.
The following were named as defendants: J. C. Beasley, Superintendent of Banks, whose official residence is in Fulton County; E. B. Council, who was a director of Planters Bank at the time of its failure and is now the only surviving officer of said bank, and who is a resident of Sumter County; Harris S. Council, a resident of Sumter County, and H. H. Hardin, a resident of Monroe County.
The petition contained the following prayers: That J. C. Beasley, as Superintendent of Banks, and H. H. Hardin, be enjoined from further advertising said premises for sale; that J. C. Beasley, as such superintendent, and H. H. Hardin, be required to deliver up the security deed, described in said advertisement, for the purpose of having the same cancelled of record as being a cloud on petitioner's title, and in the event they or either of them fail to deliver said deed for this purpose, then the clerk of this court be directed to cancel same of record; that the sale under said deed and advertisement be temporarily and permanently enjoined, and J. C. Beasley, as said superintendent, be enjoined from executing any deed in pursuance of any sale; and for general relief, second originals, and process. *Page 827 
H. H. Hardin and E. B. Council, two of the defendants, filed a general and special demurrer to the original petition. After the petition was amended by attaching copies of certain deeds, these defendants filed a new demurrer to the petition as amended, presenting among other contentions the following, though not in the numerical order stated: (1) The petition as amended does not set forth any cause of action against these defendants; (2) the petition as amended shows that the plaintiff is claiming proscriptive title to the land in question against H. S. Council and the Superintendent of Banks, and not Federal Land Bank, which holds the title to said property of H. S. Council as security for debt. The alleged possession of the plaintiff is not adverse as to these defendants, unless and until such possession has ripened into a perfect title against the world; (3) the petition does not allege that the prescribers began their prescriptive title in good faith, and it is manifest from the petition that they were not acting in good faith. Ground 6 was as follows: "In said petition as amended it is not alleged or shown that [when] the plaintiff . . [took charge, as sole heir, [of] the estate of J. M. Council, there was no administration on his estate, and that there were [not] due and owing by J. M. Council estate any debts unpaid, so as to authorize her to take charge of said estate as sole heir of said J. M. Council, so she could take [tack?] her possession of said land to the prior possession of said J. M. Council during his life time. These are material allegations to her petition, and without them no cause of action is set forth in said petition."
Sumter County filed an intervention, asserting that in 1943, by appropriate proceedings, it condemned for public use ninety acres of the land in controversy, and in virtue of such condemnation had paid to the Federal Land Bank, through the clerk of court, $7000 on the loan deed held by said bank against the land; and praying that the defendants Beasley and Hardin be enjoined from selling the land so far as the interest of Sumter County is concerned, and for the alternative relief of subrogation to the rights of Federal Land Bank, should it be determined that said parties have any legal right in and to such ninety-acre tract. The defendant Hardin filed a general and special demurrer to such intervention.
The judge overruled the demurrers filed jointly by H. H. Hardin and E. B. Council to the petition as amended, and the demurrer *Page 828 
of H. H. Hardin to the intervention. The demurrants excepted.
After the case reached the Supreme Court, counsel for Hardin signed and filed in this court a statement requesting it "to affirm the judgment of the trial court overruling his demurrers to the intervention of Sumter County," and in a brief later filed for the plaintiffs in error it was stated, "Plaintiff in error waives all rights vs. Sumter County one of defts, in error."
As shown in the statement, this case involves correlative rights of tenants in common. It comes to this court on exceptions to the overruling of a general and special demurrer to the petition as amended, and to the overruling of another demurrer to an intervention filed by Sumter County. The judgment overruling the latter demurrer will be affirmed, as requested by the demurrant, the excepting party.
It appears from the petition that in the year 1914 a described tract of land in Sumter County was conveyed to John M. Council and Harris S. Council, by a deed under which they acquired the land as tenants in common. In 1925 they conveyed the land to Federal Land Bank of Columbia, South Carolina, to secure a loan of $15,000, and the controversy here relates solely to a one-half undivided interest in the equity of redemption that remained in them after the execution of such security deed. More particularly, it involves the equitable half interest that remained in the cotenant Harris S. Council after such conveyance to Federal Land Bank.
The plaintiff, Mrs. John M. Council, widow and sole heir at law of the other cotenant, who died in 1937, claims that, by virtue of adverse possession of the whole equitable interest under color of title, begun by her husband in 1933 and continued by her after his death until the filing of the present suit in 1945, she acquired a seven-years' prescriptive title to the whole equitable interest as against Harris S. Council and those claiming under him. Code, § 85-407.
The color of title under which the plaintiff claims came into existence in the following manner: In 1930, the named cotenants conveyed their equity in the land to Growers Finance Corporation to secure a loan of $7500, as evidenced by a promissory note for *Page 829 
this sum; that is, they conveyed the land for this purpose, subject to the security deed that had been made to Federal Land Bank. On January 17, 1933, Growers Finance Corporation sold the land under a power of sale contained in such security deed, and itself became the purchaser at and for the sum of $100. On the same date, Growers Finance Corporation conveyed the property, to wit, the whole interest in the equity of redemption, to John M. Council for a recited consideration of $100, and the deed to him was duly recorded on February 14, 1933. This deed is the "color of title" under which Mrs. Council claims.
It further appears from the petition that in November, 1928, before the security deed was made to Growers Finance Corporation, Harris S. Council conveyed his half interest in the equity of redemption to Planters Bank of Americus, by a deed purporting to secure an individual debt of Harris S. Council to such bank, due in 1929. The deed contained a power of sale, and was duly recorded. Mrs. John M. Council is seeking by her petition to have this deed cancelled as a cloud on her title, and also to enjoin the sale of such undivided interest under the power of sale contained in such deed.
1. It is our opinion that the petition did not state a cause of action. We consider first whether the plaintiff's allegations were sufficient to show adverse possession as against a cotenant. As to this question, she does not show or attempt to show any better right than her husband would have had if he had lived and had brought a suit containing similar allegations. It may also be stated that, unless the petition showed adverse possession against the cotenant, Harris S. Council, it showed none as against those claiming under him in virtue of his security deed to Planters Bank. Accordingly, we may deal with the case as if it were a suit between such original cotenants.
Where the other elements of prescription are present, adverse possession of land, commenced in good faith and continued for seven years, under written evidence of title, will give title by prescription. Code, § 85-407. For present purposes, we may assume that the instrument relied on as color of title could have been taken in good faith by John M. Council as a conveyance to him in his own exclusive right. Compare Lee v. O'Quin, 103 Ga. 355
(3) (30 S.E. 356); Quarterman v. Perry, 190 Ga. 275 (2) *Page 830 
(9 S.E.2d 61); Fraser v. Dolvin, 199 Ga. 638
(34 S.E.2d 875). Nevertheless, "There may be no adverse possession against a cotenant until actual ouster, or exclusive possession after demand, or express notice of adverse possession; in any of which events the cotenant may sue at law for his possession." Code, § 85-1005. The allegations with respect to adverse possession have been quoted verbatim in the statement preceding this opinion. They do not show that there was exclusive possession after demand, or that there was express notice of adverse possession. Indeed, the only contention made in the plaintiff's brief as to this phase is that there was an actual ouster. So, the substantial question is, whether the allegations touching the deed of January 17, 1933, from Growers Finance Corporation to John M. Council, and as to possession and other acts following its execution, were sufficient to show an actual ouster. This deed purported to convey the entire estate in the land subject only to the security deed that had been made by John M. Council and Harris S. Council to Federal Land Bank. It emanated, however, from a transaction in which these cotenants had conveyed such equitable interest to Growers Finance Corporation to secure a debt; after which the property was sold by the corporation to itself under the security deed for $100, and was then in turn conveyed by the corporation to John M. Council for the same amount as consideration. In the circumstances, this conveyance appeared to be nothing more than the removal of an encumbrance from the common property, so far as such tenants in common were concerned.
It is generally held that tenants in common sustain such a confidential relation to each other, with respect to their interests in the common property and the common title under which they hold, that it would be inequitable to permit one of them, without the consent of the others, to buy an outstanding adversary's claim to the common estate and assert it for his exclusive benefit, to the injury or prejudice of his cotenants; and if one cotenant does actually acquire such a claim, he is, unless the contrary appears, to be regarded as holding it in trust for the benefit of his cotenants in proportion to their respective interests. The rule is subject to some exceptions, and does not go beyond the reason which supports it, but we see no reason for an exception in this case. Hodgson v. Federal Oil 
Development Co., 274 U.S. 15 *Page 831 47 Sup. Ct. 502, 71 L. ed. 901, 54 A.L.R. 869); Gilb v. O'Neill, 225 Ala. 92142 So. 397, 85 A.L.R. 1526). On the contrary, the rule would apply with even greater force, where the outstanding claim, as here, sprang from an encumbrance to which the purchasing cotenant was himself a liable party. Bourquin v. Bourquin,120 Ga. 115 (47 S.E. 639); Veal v. Veal, 192 Ga. 503
(15 S.E.2d 725); Bank of Tupelo v. Collier, 191 Ga. 852 (2) (14 S.E.2d 59); Toole v. Lawrence, 144 Neb. 779
(14 N.W.2d 607, 153 A.L.R. 671).
"Every tenant in common shall have the right to possess the joint property, and as long as he occupies no greater portion of it than his own share would be on division, and does not withdraw from it any of its essential value, such as mineral deposits, he shall not be liable to account for rent to his cotenant; but if he receives any rent or other profit, or commits any waste, or if he by any means deprives his cotenant of the use of his fair proportion of the property, or if he appropriates all to his exclusive use, or if the property is of such a character as that the use of it must necessarily be exclusive, he shall be liable to account to his cotenant." Code, § 85-1003. It is thus provided that, upon certain conditions, one cotenant shall be liable to account, but the section declares nothing with respect to ouster. That one cotenant may occupy more than his proportionate share of the property, or even that he may be in possession of all of it, does not necessarily imply an ouster, the presumption being that his possession is not adverse, but is in common with the others, or for the common benefit, unless and until the contrary appears.Daniel v. Daniel, 102 Ga. 181 (3) (28 S.E. 167); Harris
v. Mandeville, 195 Ga. 251 (4) (24 S.E.2d 23); 14 Am. Jur. 94, § 23; 62 C. J. 423, 424, §§ 30, 31. "The entry and possession of one joint tenant or tenant in common being, prima facie, in support of his cotenant's title, to constitute an adverse possession there must be some notorious and unequivocal act indicating an intention to hold adversely, or an actual disseisin or ouster. The silent and peaceable possession of one tenant, with no act which can amount to an ouster of his cotenants, is not adverse; so either actual notice of the adverse claim must be brought home to the latter, or there must have been unequivocal acts, open and public, making the possession so visible, hostile, exclusive, and notorious that notice may fairly be presumed, *Page 832 
and the statute of limitations will begin to run only from the time of such notice.' . . Exclusive possession, therefore, by a cotenant alone will be presumed not an adverse holding, but simply one in support of the common title." Morgan v.Mitchell, 104 Ga. 596, 598 (30 S.E. 792). "To constitute disseisin of a tenant in common by his cotenants, there must be outward acts of exclusive ownership of an unequivocal character, overt and notorious, and of such a nature as by their own import to impart information and give notice to the cotenants that an adverse possession and an actual disseisin are intended to be asserted against them." Roumillot v. Gardner, 113 Ga. 60,62 (38 S.E. 362, 53 L.R.A. 729); 62 C. J. 424, 428, §§ 31, 35. Nor will the making of ordinary improvements by a tenant in possession constitute an ouster of other cotenants. Hunt v.Harris, 149 Ga. 225 (3) (99 S.E. 884); Warner v. Hill,153 Ga. 510 (4a) (112 S.E. 478); New Winder Lumber Co. v.Guest, 182 Ga. 859 (187 S.E. 63). Accordingly, if we should consider only the allegations with respect to exclusive possession, payment of taxes, and the making of improvements, it would be very clear that the petition does not show an ouster.
What, then, is the effect of the additional allegations with respect to the deed from Growers Finance Corporation to John M. Council? Although it appears that this deed was promptly recorded, yet even if such record constituted any notice whatever to the other cotenant, it did not put him on notice of anadverse claim, since, unless and until the contrary appeared, he had the right to regard the purchasing tenant as holding such title or claim for the common benefit, subject to contribution for the expenditure incurred. Ward v. Parks, 166 Ga. 149
(4b) (142 S.E. 690); Holley v. Hawley, 39 Vt. 525 (94 Am. D. 350); Johns v. Scobie, 12 Cal.2d 618 (86 P.2d 820, 121 A.L.R. 1404); Gilb v. O'Neill, 225 Ala. 92 (supra). See also, in this connection, Georgia Railroad Banking Co. v. Wright,124 Ga. 596 (18) (53 S.E. 251); Carpenter v. Fletcher,239 Ill. 440 (88 N.E. 162); Peabody v. Burri, 255 Ill. 592 (99 N.E.. 690); 1 Am. Jur. 826, §§ 55, 56; 14 Am. Jur. 119-128, §§ 50-59; 62 C. J. 433, 438, §§ 38, 49.
The allegations as to adverse possession were couched in mere general terms, such as might be found in an ordinary claim of *Page 833 
prescriptive title, and when properly construed most strongly against the pleader, they do not show such an exceptional state of facts as would be necessary to constitute an actual ouster. Counsel for the plaintiff rely on the following decisions by this court to support their contention to the contrary, especially in view of the allegations with respect to the deed from Growers Finance Corporation: Norris v. Dunn, 70 Ga. 796;Roumillot v. Gardner, 113 Ga. 60 (supra); Bowman v.Owens, 133 Ga. 49 (2) (65 S.E. 156). The Norris case did not involve a purported sale either to or by a tenant in common. The two other cases were each based upon a deed or transfer to a stranger. Compare Horne v. Howell, 46 Ga. 9; Cain v.Furlow, 47 Ga. 674; McDowell v. Sutlive, 78 Ga. 142
(2 S.E. 937). There is a material difference between the effect of a deed or transfer by a tenant or tenants in common purporting to convey the whole estate to a stranger, and a transaction in which such a deed or transfer is made by an outsider to a tenant in common. In the former case, possession by the grantee may amount to an ouster or disseisin, while in the latter case a different rule applies. Gearhart v. Gearhart (Mo.) 213 S.W. 31, 6 A.L.R. 1076; Dew v. Garner, 207 Ala. 353 (92 So. 647, 27 A.L.R. 5); Laing v. Gauley Coal Land Co., 109 W. Va. 263
(153 S.E. 577, 71 A.L.R. 436); 1 Am. Jur. 826, §§ 55, 56.
The petition was not helped by the averments that Hardin, one of the defendants, is not a bona fide holder for value of the notes secured by the deed from Harris S. Council to the Planters Bank, that the deed itself was wholly without consideration, and that the advertisement did not correctly describe the property. These facts might be of concern to Harris S. Council, but they do not aid the plaintiff in her claim of adverse possession as against such security deed. Sewell v. Holland, 61 Ga. 608
(3).
2. Moreover, the petition was subject to general demurrer for the additional reason that it showed upon its face that the intestate died leaving a debt which he and Harris S. Council together owed to Federal Land Bank and which has not been paid. The petition thus showed prima facie that the plaintiff as his widow and sole heir at law was not entitled to maintain the action, there being no allegation that there was no administrator, or that there was an administrator and he assented to the suit. "Upon the death of the owner of any estate in realty, which estate survives him, the *Page 834 
title shall vest immediately in his heirs at law, subject to be administered by the legal representative, if there is one, for the payment of debts and the purposes of distribution. If there is a legal representative, the right to recover such realty shall be in him; if there is none, the heirs may sue in their own names. The title to all other property owned by a decedent shall vest in the administrator of his estate for the benefit of the heirs and creditors." Code, § 113-901. "Upon the death of the husband without lineal descendants, the wife is his sole heir, and upon the payment of his debts, if any, may take possession of his estate without administration." Section 113-903 (1). "Upon the appointment of an administrator, the right to the possession of the whole estate is in him, and, as long as such administration continues, the right to recover possession of the estate from third persons is solely in him. If there is no administration, or if the administrator appointed consents thereto, the heirs at law may take possession of the lands or may sue therefor in their own right." Section 113-907. "The administrator may recover possession of any part of the estate from the heirs at law, or purchasers from them; but in order to recover lands, it is necessary for him to show upon the trial, either that the property sued for has been in his possession, and without his consent is now held by the defendant, or that it is necessary for him to have possession for the purpose of paying the debts or making a proper distribution. An order for sale or distribution, granted by the ordinary after notice to the defendant, shall be conclusive evidence of either fact." Section 113-908.
If the petition had been silent both as to debts and as to administration, seemingly it would have been subject to special demurrer but not to general demurrer. Crummey v. Hamilton,114 Ga. 746 (3) (40 S.E. 765); Yopp v. Atlantic Coast LineR. Co., 148 Ga. 539 (2) (97 S.E. 534); Phillips v.Phillips, 163 Ga. 899 (1) (137 S.E. 561). But, as was further ruled in the Phillips case (headnote 7): "In order for a widow to be the personal representative of her deceased husband who died leaving no lineal descendants, in the sense that she may sue or be sued as the representative of the estate, it is essential that at the time of the institution of the suit there be no outstanding debts against the estate." See alsoGreenfield v. McIntyre, 112 Ga. 691 (38 S.E. 44);Jackson v. Butts, 148 Ga. 312 (3) (96 S.E. 630); Tidwell *Page 835 
v. Garrick, 149 Ga. 290 (1) (99 S.E. 872); Reed v.Norman, 157 Ga. 183, 185 (2) (121 S.E. 310); Yerbey v.Chandler, 194 Ga. 263 (3) (21 S.E.2d 636).
While the debt shown by the instant petition was a secured debt, this did not keep it from being a debt within the meaning of the Code, § 113-903 (1), supra. Only the true owner can maintain a suit for cancellation, and the plaintiff here alleged facts showing prima facie that she is not as yet entitled to be treated as the true owner for the purpose of such a suit.Flannery Co. v. Hightower, 97 Ga. 592 (6) (25 S.E. 371);Weyman v. Atlanta, 122 Ga. 539 (1) (50 S.E. 492). Nothing to the contrary was ruled in any of the following cases cited for the plaintiff: Collins v. Henry, 155 Ga. 886
(118 S.E. 729); Hoyt v. Ware, 156 Ga. 98 (118 S.E. 734); Payne v.Nix, 193 Ga. 4 (17 S.E.2d 67).
Ground 6 of the demurrer, as quoted in the statement of facts, seems to contend only that the allegations did not show that the plaintiff was entitled to tack her possession to the prior possession of her husband. However this may be, and whether that ground be general or special, yet since the petition showed affirmatively that the plaintiff's husband died owing a debt which has not been paid, the petition was subject to attack under the general ground that it did not state a cause of action.
We do not deem it necessary to pass upon other questions raised by the demurrer.
Judgment affirmed as to Sumter County, and reversed as toMrs. Council. All the Justices concur.