18936. DAVIS *et al.* v. HARNESBERGER *et al.*

SUBMITTED APRIL 11, 1955—DECIDED JUNE 13, 1955.

*Killebrew, McGahee & Plunkett, Colley & Orr,* for plaintiffs in error.

*Earle Norman, Ben B. Ross, L. C. Groves,* contra.

WYATT, Presiding Justice. ■ Code (Ann. Supp.) § 113-1025 provides as follows: "A conveyance or incumbrance of any or all the property set apart as a year's support for the joint benefit of the widow and her minor child or children shall convey or incumber and be binding and conclusive upon the child or children, and persons claiming through or under them, only when approved by the ordinary of the county in which all or a part of the property is located. No such approval shall be necessary to bind a child sui juris who joins with the widow in making the conveyance or incumbrance. The purchaser or lender shall not be responsible for the proper use or application of the proceeds." There is no contention in this case that there was any effort to comply with this Code section prior to the execution of the deeds in question.

We, therefore, consider the next defense offered by the defendants. They contend that title to the lands in question is vested in them by reason of their adverse possession of the lands for more than seven years under color of title. The plaintiffs in error contend that since the defendants in error were cotenants with the plaintiffs in error there could be no adverse possession as to the plaintiffs in error prior to the death of the mother of all the parties. Code § 85-1005 provides as follows: "There may be no adverse possession against a cotenant until actual ouster, or exclusive possession after demand, or express notice of adverse possession; in any of which events the cotenant may sue at law for his possession." This court has consistently held that a deed executed by a cotenant to the whole of the property is good as color of title as against the other cotenants. *Cain* v. *Furlow,* 47 *Ga.* 674. In *Street* v. *Collier,* 118 *Ga.* 470 (45 S. E. 294), this court said: "A deed signed by the administrators of an estate is good as color of title, although it does not purport upon its face to have been executed under an order of the court of ordinary."

See also *Hansen* v. *Owens,* 132 *Ga.* 648 (64 S. E. 800). "Where a tenant in common conveys the whole lot to a third person, and the grantee took possession, claiming the entire lot as his own, this action constitutes a disseizen and ouster of the other tenants in common and they are barred from asserting their right to such property after the expiration of seven years." *Broadwater* v. *Parker,* 209 *Ga.* 801 (76 S. E. 2d 402). This court has held that a void deed will operate as color of title. *Smith* v. *Jefferson County,* 201 *Ga.* 674 (40 S. E. 2d 773).

The jury in the instant case was authorized to find from the evidence that the defendants in the court below and defendants in error here had been in adverse possession of the property in question since the date the deeds were executed by their mother purporting to convey title to them. This was for a period of time of more than seven years. Clearly, under the rules of law above cited, the deeds in question could properly be relied upon as color of title.

We are not unmindful of the rule of law requiring an actual ouster or express notice of adverse possession in the case of co-tenants. In the instant case, the jury was authorized to find that soon after the death of the father of all the parties to the case under consideration, the plaintiffs in error and the defendants in error met at the house of their mother who was then in life, and it was agreed by all the parties that, if any of the children would pay the debts of the father's estate and take care of the mother during her life, the child or children so doing might have title to the lands in question; and that the defendants in error complied with this agreement, and the deeds were accordingly executed by the mother to the defendants in error. Whether or not this agreement was sufficiently definite to be enforced as a verbal contract for the sale of land, it was sufficient to put the plaintiffs in error on notice that the defendants in error were in possession of the land claiming title to the entire property by virtue of the deeds executed to them, and was sufficient as notice to the cotenants.

From what has been said above, the evidence was sufficient to support the verdict in favor of the defendants in error based upon the defense of title by prescription.

■ It follows, the judgment overruling the demurrer to the answer setting up title by prescription was not error.

■ It becomes unnecessary to rule upon the questions raised as to the defense of a verbal contract for the sale of land.

*Judgment affirmed. All the Justices concur.*