27306.   FULLER v. McBURROWS et al.

ARGUED JULY 10, 1972—DECIDED SEPTEMBER 7, 1972.

424

*Benjamin Zeesman,* for appellant.
*McDonald, Mills & Chasteen, Ben B. Mills, Jr., D. E. Turk,* for appellees.

JORDAN, Justice. 1. The first enumeration merely asserts error on the judgment. The second asserts that the plaintiffs failed to carry the burden of proof. These assertions appear to be argued in the brief on the basis that the evidence demands a determination that the defendant had acquired title by prescription, by reason of more than seven years adverse possession under written color of title. In support of this argument counsel relies on the provisions for prescription by adverse possession under *Code* § 85-407 and decisions exemplified by *Smith v. Jefferson County,* 201 Ga. 674 (40 SE2d 773), that a tax deed, even though void, will constitute color of title to support prescription by adverse possession.

But where tenants in common are involved, as here appears, *Code* § 85-1005 provides: "There may be no adverse possession against a cotenant until actual ouster, or exclusive possession after demand, or express notice of adverse possession; in any of which events the cotenant may sue at law for his possession." One claiming prescriptive title against a cotenant must not only show the usual elements of prescription, e.g., as provided in *Code* § 85-407, but must also in addition show that his claim of title by prescription meets at least one of the conditions stated in *Code* § 85-1005. *Hardin v. Council,* 200 Ga. 822, 829 (38 SE2d 549). This case further recognizes the general proposition that tenants in common occupy a fiduciary relationship to each other with respect to their interests in common property and the common title under which they hold, and "that it would be inequitable to permit one of them, without the consent of the others, to buy an outstanding adversary's claim to the common estate and assert it for his exclusive benefit, to the injury or prejudice of his cotenants; and if one cotenant does actually acquire such a claim, he is, unless the contrary appears, to be regarded as holding it in trust for the benefit of his cotenants in proportion to their respective interests." *Hardin,* supra, p. 830. Silent and peaceable possession of a tenant in common, with no act which can amount to an ouster of his cotenants, is not

enough. There must be actual notice of the adverse claim or unequivocal acts making the possession visible, hostile, exclusive and notorious, otherwise exclusive possession will be presumed to be in support of the common title. *Morgan v. Mitchell,* 104 Ga. 596, 598 (30 SE 792). Also,'see *Roumillot v. Gardner,* 113 Ga. 60 (38 SE 362, 53 LRA 729). Redemption of property by a cotenant inures to the benefit of all cotenants. *Andrews v. Walden,* 208 Ga. 340, 345 (66 SE2d 801); *Miles v. Blanton,* 211 Ga. 754 (88 SE2d 273).

Even if the writ of possession in 1961 were treated as a total ouster to commence a period of adverse possession, the time thereafter before the present complaint was instituted is insufficient, and, in our opinion, no other basis appears to demand the conclusion, as a matter of law, that the defendant had acquired title by prescription or otherwise to support reversal of the action of the trial judge, sitting as judge and jury. The first two enumerations, as argued and insisted upon, are without merit.

2. The third enumeration, to the effect that the evidence had become stale in the recollection of the trial judge because of the delay of nearly five years between the hearing and order, is argued only on the basis that the assertion "is good on its face and logic and we do not find a decision in point." This enumeration is without merit.

3. The remaining enumerations, that the trial judge erred in overruling demurrers, and in effect overruling a plea in abatement and a motion to dismiss on the ground of laches, plus the assertion generally that the trial judge erred in not ruling in favor of the defendant and erred in each of his final rulings, are supported in the brief by reference to *Code* § 37-119 stating the equitable principle of laches. These enumerations are without merit.

*Judgment affirmed. All the Justices concur.*