## 27436.   JORDAN v. ROBINSON.

ARGUED SEPTEMBER 12, 1972—DECIDED NOVEMBER 9, 1972—
REHEARING DENIED NOVEMBER 30, 1972.

*George L. Howell, Elizabeth R. Rindskopf,* for appellant.

*Sanders, Mottola, Haugen, Wood & Goodson, Charles Van S. Mottola, Willis G. Haugen, Hansell, Post, Brandon & Dorsey, L. Travis Brannon, Jr.,* for appellee.

GRICE, Presiding Justice. This is an appeal from a judgment in a suit to quiet title to land.

R. B. Robinson filed suit in the Superior Court of Coweta County against Dr. Harold Jordan, alleging that he holds title to certain land in that county in which Dr. Jordan claims a one-half undivided interest. The matter was referred by the superior court to a special master, who found in favor of the appellee Robinson. The trial court adopted the report of the special master and held that Robinson had acquired prescriptive title by adverse possession under color of title.

The undisputed facts, as necessary to recite here, are as follows:

In 1936 Edward P. Jordan, the father of the appellant, owned 148.1 acres of land in Coweta County composed of one 98.1-acre tract and one 50-acre tract in adjoining land lots.

In 1936 and 1937 several conveyances occurred. On June 21, 1937, Edward P. Jordan executed a duly recorded security deed as to the 98.1-acre tract in favor of his father-in-law, J. A. Willoughby.

On August 10, 1939, Edward P. Jordan executed a deed of gift to the entire 148.1 acres to his wife Dorothy Jordan and his son Harold Jordan, the appellant here, who was then two years old.

On October 8, 1940, Edward P. Jordan and Dorothy Jordan attempted to cancel this deed by writing across the face of the recorded instrument in pertinent part the following:

"Georgia, Coweta County:

"This deed of gift was never accepted. Edward P. Jordan had already deeded part of this land to Willaby and did not own it and Dorothy Willaby Jordan held title thereto from Willaby and land belonged to her in her individual right.

"Further, this land of 50 acres was subject to lien in favor of John Pratt and could not be deeded. No rights were conveyed to this deed and no money paid.

"All taxes had been paid by Willaby and Dorothy Jordan and the land was hers and not Edward P. Jordan's to give away.

"This deed is canceled and no rights are claimed thereunder and was made in error.

"In witness whereof, both Dorothy Jordan and Edward P. Jordan have signed and executed this cancellation of the deed.

"This October 8, 1940.

Edward P. Jordan
Dorothy Jordan."

The appellee Robinson's title relates back to several transactions also occurring in 1940. On September 2, 1940, J. A. Willoughby conveyed the 98.1-acre tract to Dorothy Jordan. On September 14, 1940, Edward P. Jordan also quit claimed all his right, title and interest in the 98.1 acres to Dorothy Jordan and on the same day she conveyed this parcel to Stanford Arnold by warranty deed. On October 8, 1940, the same day that the foregoing attempted cancellation took place, Edward P. Jordan conveyed the 50 acre tract to his wife Dorothy Jordan by warranty deed and three days later she sold it to Stanford Arnold.

Subsequently, on May 12, 1941, Arnold sold the entire 148.1 acres to the appellee R. B. Robinson and he went into immediate possession. The master found that since that date his possession has been actual, open, notorious, public, continuous, exclusive, uninterrupted, peaceable, in good

faith and evidenced by such acts that his ownership, use, possession and occupancy of the property has been so notorious as to attract the attention of every adverse claimant and so exclusive as to prevent actual occupancy by another. All instruments involved here were properly recorded.

On December 16, 1971, R. B. Robinson filed this suit to quiet title against Dr. Harold Jordan, the appellant, alleging him to be an adverse claimant to the land in question under the aforesaid 1939 deed of gift. Prior to the initiation of this action Dr. Jordan, who was then 34 years old and a resident of Tennessee, had no knowledge of any interest he might have in the land in question.

The special master concluded that "The issue in this case is simply whether Mr. Robinson's adverse possession ran against claimant Dr. Harold Jordan, from the time Dr. Jordan reached his majority (May, 1958) or from the time Dr. Jordan first learned of his possible interest (May, 1971)."

He found that the appellee Robinson acquired prescriptive title under color of title in 1965, seven years after Dr. Jordan attained majority, even though the appellant had no actual knowledge of his ownership interest until 1971.

The appeal is from the order adopting this report.

The special master based his report upon the acquisition of prescriptive title and therefore the validity of the deed under which Dr. Jordan claims is not in issue here. It is thus apparent from the facts under consideration that Dr. Jordan acquired a one-half undivided interest in the property in question in 1939; that the subsequent attempt by his parents to divest him of his interest was ineffectual; that Dorothy Jordan could convey only a one-half undivided interest in the property to Stanford Arnold; that the appellee Robinson could in turn acquire only the interest of his grantor Arnold; and that in 1941 upon the acquisition of his one-half undivided interest, the appellee Robinson and the appellant Dr. Jordan became tenants in common.

Therefore, because of the co-tenant relationship between the appellant and appellee, the question of adverse possession is controlled by *Code* § 85-1005.

That section provides in pertinent part that "There may be no adverse possession against a cotenant until actual ouster, or exclusive possession after demand, or express notice of adverse possession . . ."

This court has consistently held that where the evidence shows that there was an actual ouster or express knowledge of adverse possession, "a deed executed by a cotenant to the whole of the property is good as color of title as against the other cotenants." *Davis v. Harnesberger,* 211 Ga. 625, 627 (87 SE2d 841) and cases cited.

Counsel for Dr. Jordan has argued that here, although the appellee Robinson had constructive notice through the above recorded deed of gift of Dr. Jordan's interest in the land, Dr. Jordan had no knowledge of his own interest and was not put on notice, or under a duty to inquire, that Robinson claimed the whole premises in his possession until this action was initiated.

This argument cannot be sustained.

It is true that there cannot be any adverse possession by one cotenant against another until he has shown not only the usual elements of prescription under *Code* § 85-402, but also that he complies with at least one of the conditions stated in *Code* § 85-1005, supra. *Hardin v. Council,* 200 Ga. 822 (1) (38 SE2d 549); *Fuller v. McBurrows,* 229 Ga. 422 (1) (192 SE2d 144).

However, where, as here, the person claiming prescriptive title does not enter into possession as a cotenant, but enters as the owner of the entire estate under color of title to the whole, such possession is adverse to those who might otherwise be treated as his cotenants. *Morgan v. Mitchell,* 104 Ga. 596 (30 SE 792); *Bowman v. Owens,* 133 Ga. 49 (2) (65 SE 156); *Stephens v. Walker,* 193 Ga. 330 (3) (18 SE2d 537); Powell, Actions for Land (Rev. Ed. 1946) 481, Note 2.

Accordingly, since Robinson had color of title to the whole 148.1 acres by virtue of the deed from Arnold, his prescriptive title ripened against Dr. Jordan's interest at the expiration of seven years from his possession becoming adverse to him. In this instance, this would be seven years

from the time Dr. Jordan attained his majority, on May 25, 1958. *Code* § 85-411.

It follows that the appellee Robinson attained title through adverse possession under color of title for more than seven years.

*Judgment affirmed. All the Justices concur. Gunter, J., concurs specially.*

GUNTER, Justice, concurring specially. I concur in the judgment of affirmance. However, under the facts of this case I do not agree that the appellant and the appellee became tenants in common in 1941.

The appellee was the sole grantee in a deed from Arnold, dated May 12, 1941, which conveyed fee simple title to the entire 148.1-acre tract. Irrespective of the validity or invalidity of this deed, it constituted "color of title" to the entire tract. Appellee's "color of title" under this deed ripened into full and complete title after 7 years possession against all claimants laboring under no legal disabilities. And appellee's "color of title" likewise ripened against appellant after the expiration of 7 years from the date that the appellant reached the age of 21.

As I read this record the appellant and the appellee were never tenants in common.

I would affirm the judgment for the reason stated herein.