### 38215. MATTISON v. BARBANO et al.

CLARKE, Justice.

Appellee's father was fee simple owner of the property in question in this appeal. He died intestate in 1965. His widow made an application for Year's Support on behalf of herself and the four minor children. One-half of the property involved in this action was set aside for the widow and the minor children for Year's Support. The other portion passed according to the laws of inheritance of the state, the widow and each child receiving one-fifth of the portion. In 1968, the widow died testate, leaving as her sole heirs the minor children

who are appellees here. Her administrator with the will annexed conveyed the property to appellant by a deed which contained a recital that the property was conveyed pursuant to the order of the Court of Ordinary of DeKalb County granting Year's Support to the widow and children. Appellant made improvements on the land and tried to sell the property. At this point the appellees claimed an interest in the property adverse to appellant. Appellant brought an action for a declaratory judgment that the property was free of the claims of appellees.

The case was considered by the court on stipulated facts, documents and issues. The parties stipulated that appellant had been in open and notorious possession of the property in question since 1972. The parties defined the questions to be decided as follows: (1) What are the interests of the parties as shown by the documents stipulated? (2) Can adverse possession run against a cotenant and, if so, did appellant acquire an additional interest beyond that shown by the documents of record?

The court concluded that each of the appellees is presently vested with a one-fifth undivided interest in the property and that the warranty deed to appellant only conveyed to him the one-fifth interest which was vested in appellees' mother. Therefore, the court concluded that appellant and appellees are cotenants. Under Code Ann. § 85-1005 there may be no adverse possession against a cotenant until there is an actual ouster, exclusive possession after demand, or express notice of adverse possession, all of which will entitle a cotenant to sue for possession. The court found no evidence of acts on the part of appellant sufficient to constitute adverse possession against appellees as cotenants.

Appellant asserts that when a deed purports to convey the entire fee, it constitutes color of title under which the grantee may prescribe against holders of outstanding undivided interests. When a person claiming prescriptive title does not enter possession as a cotenant but as owner of the entire estate under color of title, such possession is adverse to those who might be otherwise treated as cotenants, and the party in possession is not subject to the conditions of Code Ann. § 85-1005. *Jordan v. Robinson,* 229 Ga. 761 (194 SE2d 452) (1972). See also, *Bowman v. Owens,* 133 Ga. 49 (65 SE 156) (1909), in which the court found that exclusive possession, valuable and permanent improvements, and no recognition of any interest of cotenants was sufficient to authorize a finding of ouster. The key factor to be considered is whether the party in possession either expressly or impliedly recognizes his status as cotenant. If he does not and holds possession under a deed which purports to convey the entire fee, the conditions of Code Ann. § 85-1005 do not apply. *Stephens v. Walker,*

193 Ga. 330 (18 SE2d 537) (1942).

"It appears to be the general rule that when a reference to another deed is made merely for the purpose of showing from what source title was derived, it will not operate to restrict the description relied upon in the deed from which reference is made." *Talmadge v. Adams,* 240 Ga. 193, 196 (240 SE2d 9) (1977).

The authorities discussed above give support to the position taken by appellant. However, the language contained in the deed to appellant puts it outside the rules recited. This deed specifically says that the property is "conveyed pursuant to the order . . ." granting the Year's Support. This provision can be construed only as words of limitation and not a mere reference indicating the chain of title. When a deed is made pursuant to an order it must be held to have been made in accordance with the authority granted in the order. For this reason the deed to appellant purports on its face to have conveyed to him only such interest as was set aside to the widow under the Year's Support order. Her interest under the order was an undivided interest equal to that of each of the minor children. Therefore, the deed to appellant amounted to a conveyance of an undivided interest and created a tenancy in common with the children of the widow.

Since appellant was a tenant in common and did not hold under a deed purporting to convey the entire fee, he could only prescribe against his cotenants by showing ouster, exclusive possession after demand, or express notice of adverse possession. Code Ann. § 85-1005. The trial court held that the evidence did not support such a finding. We agree.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 6, 1982 —
REHEARING DENIED APRIL 20, 1982.

*Jordan & Jordan, Hill Jordan,* for appellant.
*Alford & Hamilton, William A. Hamilton,* for appellees.