S02A1209, S02X1210. PONDER v. PONDER et al.; and vice versa.

(571 SE2d 343)

THOMPSON, Justice.

Petitioner Stanley A. Ponder filed an action to quiet title to establish his ownership interest in four tracts of land in Grady County, Georgia. The matter was assigned to a special master who considered motions for summary judgment filed by both parties. After making findings of fact, the special master determined that no issues of material fact remain and recommended that judgment be entered in favor of respondents and against petitioner. The trial court adopted the report of the special master as its final order.

Petitioner alleged that he acquired an undivided interest in the property from the estate of his father, James Wallace Ponder ("decedent"), who died intestate in 1980. Petitioner is the son of decedent and his first wife, whose brief marriage ended in divorce. Decedent subsequently married Kyoto S. Ponder and three children were born of that marriage. At the time of his death, decedent was survived by Kyoto, her children and petitioner; decedent owned the parcels of real property in issue in this litigation, as well as certain personal property.

In 1981, Kyoto filed a petition in the Probate Court of Grady County for an order declaring no administration necessary. The petition listed herself and her three children as decedent's only heirs at law, and it described the property owned by decedent at the time of his death. Petitioner was not named as an heir at law, nor was he personally notified of the proceeding; he was 28 years old at the time. Following notice and advertisement, the probate court entered an order declaring no administration necessary.

Thereafter, Kyoto and her children exchanged various renunciations of interest in the four tracts of land in issue to effectuate a division of fee simple title among themselves. Those instruments were filed of record.

The evidence of record shows that the judgment of divorce between decedent and his first wife recognized petitioner as issue of that marriage, and it obligated decedent for child support. In addition, petitioner's birth certificate lists decedent as his father. It is also

without dispute that prior to the probate proceeding, respondents knew of petitioner's existence, and the fact that he was born during his mother's marriage to decedent. Respondents were also aware that decedent had been obligated under the judgment of divorce to support petitioner but that petitioner's mother signed a document in 1954 relieving him of that obligation. They also knew that in 1977 petitioner initiated a visit with decedent, and during that visit, at which Kyoto was in attendance, discussions were had as to whether decedent was petitioner's biological father. It is also undisputed that petitioner attended the wedding of respondent Janet Ponder Harrell in 1981, just two months prior to the filing of the no administration proceeding in probate court. Petitioner averred that he did not learn of the probate proceedings filed with respect to decedent's estate until 1998.

The petition to quiet title was brought in 1999, 18 years after the death of the decedent. It named Kyoto and her three children as respondents. On cross-motions for summary judgment, the special master found as a matter of law (a) that petitioner is the heir at law of decedent and inherited a child's part of his estate; (b) that petitioner's interests were not divested by the order of no administration necessary because his existence had been concealed from the probate court; (c) that there was no fraud in that concealment because respondents had a reasonable belief that petitioner was not a child of the decedent; (d) that respondents acquired petitioner's interest in the land based on adverse possession under color of title; and (e) that petitioner's claim was not barred by laches or statute of limitation defenses. Accordingly, the court granted summary judgment to respondents and denied petitioner's summary judgment motion.

The parties filed cross-appeals in this Court. In the main appeal (Case No. S02A1209), petitioner asserts that the trial court erred in determining that respondents acquired title to the property based on adverse possession under color of title. In the cross-appeal (Case No. S02X1210), respondents assert that petitioner's claim was barred by the equitable doctrine of laches and by a seven-year statute of limitation. Because we conclude that material questions of fact remain as to whether respondents acquired prescriptive title and whether petitioner's claim was barred by the doctrine of laches, we reverse in the main appeal and affirm in the cross-appeal.

### Case No. S02A1209

1. A party who asserts a claim of title by adverse possession must show possession which did not originate in fraud, that is continuous, exclusive, uninterrupted, peaceable, and which is accompanied by a claim of right. OCGA § 44-5-161.

The trial court determined that petitioner is an heir at law of the decedent. As such, petitioner inherited a child's share of the real property owned by the intestate decedent at the time of his death, and this interest vested immediately. OCGA § 53-2-7 (a). Thus, petitioner's status was that of a tenant in common with respondents as to such realty.[1] "[A] tenancy in common is created wherever from any cause two or more persons are entitled to the simultaneous possession of any property." OCGA § 44-6-120.

> A party who asserts a claim of title by adverse possession against a cotenant has the burden of proving not only the usual elements of prescription, see OCGA § 44-5-161, but also at least one of the elements of OCGA § 44-6-123, which provides as follows: "There may be no adverse possession against a cotenant until the adverse possessor effects an actual ouster, retains exclusive possession after demand, or gives his cotenant express notice of adverse possession."

*Wright v. Wright*, 270 Ga. 530, 532 (512 SE2d 618) (1999).

After finding that a cotenancy was created by intestate succession from a common grantor, the trial court determined as a matter of law that OCGA § 44-6-123 is inapplicable under the facts. In so doing, the court relied on cases which recognized an exception to OCGA § 44-6-123 where a person claiming prescriptive title does not enter possession as a cotenant, but as owner of the entire estate under color of title. See *Jordan v. Robinson*, 229 Ga. 761 (194 SE2d 452) (1972). However, in applying the exception "[t]he key factor to be considered is whether the party in possession either expressly or impliedly recognizes his status as cotenant. If he does not and holds possession under a deed which purports to convey the entire fee, the conditions of [OCGA § 44-6-123] do not apply." *Mattison v. Barbano*, 249 Ga. 271, 272 (290 SE2d 41) (1982). While it appears without dispute that respondents have been in open, peaceable, and continuous possession of the property since 1981,[2] the court below incorrectly applied the exception because questions of fact remain as to whether respondents took possession with implied knowledge that there was a tenancy in common with petitioner as a joint heir.

In addition, questions of fact remain whether respondents' possession originated in fraud which would prevent the running of prescriptive title; and whether respondents have satisfied at least one of the conditions in OCGA § 44-6-123. See *Erwin v. Miller*, 203 Ga. 58

---

[1] Petitioner's status as an heir at law and as a cotenant with respondents is not challenged on appeal.

[2] With the exception of one commercial tract that is not in issue here.

(3) (45 SE2d 192) (1947) (exclusive possession by a cotenant alone will be presumed not an adverse holding, but simply one in support of the common title). It follows that the trial court erred in determining as a matter of law that respondents acquired prescriptive title to the property as against petitioner.

2. Petitioner also asserts that the order declaring no administration necessary along with the various renunciations of interest executed by respondents and filed of record in the probate court were insufficient writings to constitute color of title upon which prescriptive title could be based under OCGA § 44-5-164.

> Color of title is a writing upon its face professing to pass title, but which does not do it, either from want of title in the person making it, or from the defective conveyance that is used — a title that is imperfect, but not so obviously so that it would be apparent to one not skilled in the law. . . . [I]t must purport to convey the property to the possessor (to him holding either the corporeal or the legal possession), and not to others under whom he does not hold; it must contain such a description of the property as to render it capable of identification, and the possessor must in good faith claim the land under it.

(Punctuation omitted.) *Capers v. Camp*, 244 Ga. 7, 11 (3) (257 SE2d 517) (1979), citing Powell on Actions for Land 340, § 295. The type of fraud which would vitiate the good faith requirement and prevent the running of the period of prescription has been described as " 'not legal but moral fraud, a consciousness of doing wrong.' " *Graham v. Lanier*, 179 Ga. 744, 745 (2) (177 SE 574) (1934). " 'To defeat prescriptive title, the fraud of the party claiming thereunder must be such as to charge his conscience. He must be cognizant of the fraud, not by constructive but by actual notice.' " Id. at 745-746.

Pretermitting whether the writings relied upon by respondents satisfied the formal requirements described in *Capers*, supra, factual questions remain as to whether respondents swore falsely to the petition for no administration in the probate court, and thus lacked the requisite good faith for their claim to ripen into prescriptive title. "Ordinarily the question of a prescriber's good faith is one of fact to be determined by the jury." *Quarterman v. Perry*, 190 Ga. 275, 276 (4) (9 SE2d 61) (1940). Accord *Lee v. O'Quin*, 103 Ga. 355 (3) (30 SE 356) (1898).

### Case No. S02X1210

3. The trial court found as a matter of law that the equitable defense of laches was not applicable to appellant's claim.

"As between cotenants no bar is shown by mere lapse of time." [Cit.] Presumptively, the possession of one cotenant is in favor of the title of all. . . . Since it is asserted that the petitioners had no notice that the defendants were claiming to be the exclusive owners of the property until a short time before the filing of the action, it can not be held that the pleadings show that the petitioners are guilty of laches. It will be a question of fact for the determination of a jury whether there has been such laches on the part of the petitioners as would make it inequitable for them to recover.

*Chambers v. Schall*, 209 Ga. 18, 20 (2) (70 SE2d 463) (1952).

As for respondent's assertion that the claim is barred by a seven-year statute of limitation, it has been held that "[i]n suits to recover land, there is no statute of limitations in this State, title by prescription having been substituted for such statutes." *Latham v. Fowler*, 192 Ga. 686, 691 (1) (c) (16 SE2d 591) (1941). Laches, however, operates independently of the statute of limitation. *Johnson v. Sears*, 199 Ga. 432 (34 SE2d 541) (1945).

4. In view of the foregoing, we reverse the grant of summary judgment in the main appeal and affirm the denial of summary judgment in the cross-appeal. The case is returned to the trial court consistent with the demand for jury trial filed below.

*Judgment reversed in Case No. S02A1209; judgment affirmed in Case No. S02X1210. All the Justices concur.*

DECIDED OCTOBER 15, 2002.

*C. Truitt Martin, Jr., Hall & Williamson, Michael C. Hall*, for appellant.
*Lehman & Cauley, Thomas L. Lehman*, for appellees.