A08A1751. INTOWN REDEVELOPMENT ALLIANCE, LLC
v. RELIANCE EQUITIES, LLC et al.
(671 SE2d 884)

ANDREWS, Judge.

Intown Redevelopment Alliance, LLC and Reliance Equities, LLC are owners, as tenants in common, of real property located in Fulton County. At issue is whether fiduciary duties generally owed between tenants in common preclude Intown from seeking foreclosure on a debt deed encumbering common property. Because we find

---

on the present facts that Intown and Reliance owe no fiduciary duties to each other as tenants in common, we reverse the trial court's order on summary judgment precluding foreclosure on the debt deed.

1. Four individuals, who acquired the subject property as tenants in common pursuant to a November 1988 deed, granted a deed to secure debt over the entire property to Joyce Jones on the same date. In lieu of foreclosure on the debt deed, three of the four owners later quitclaimed their seventy-five percent undivided interest in the property to Jones in June 1990. The separate quitclaim deed from each of these three grantors stated that it was given in full satisfaction of that grantor's indebtedness secured by the debt deed. In April 2005, the Fulton County Sheriff sold the subject property by public bid to satisfy delinquent tax assessments and conveyed a tax deed to the property to the highest bidder, Crown Ambassador Properties, LLC. At that point, the right of redemption pursuant to OCGA § 48-4-40 was in Jones, who held a seventy-five percent undivided interest in the property, and in Stephen Ogletree, the last of the four prior cotenants, who held the remaining twenty-five percent undivided interest. In May 2005, Jones deeded her 75 percent interest to Intown and transferred to Intown her remaining rights in the debt deed encumbering the property. By a June 2005 quitclaim deed, Crown Ambassador transferred its interest in the unredeemed tax deed to Intown. On July 6, 2005, Ogletree deeded his 25 percent interest in the property to Reliance, making Intown and Reliance tenants in common. On July 20, 2005, Intown gave notice to Ogletree that it was commencing foreclosure proceedings on the property based on the power of sale contained in the debt deed. Reliance notified Intown in August 2005 that it had acquired Ogletree's 25 percent interest in the property, and shortly thereafter Reliance received notice of the foreclosure proceedings. In response, Reliance asserted that Intown owed it fiduciary duties as a tenant in common; suggested that neither Reliance nor Intown could gain a 100 percent interest in the property without coming to some agreement; and made an offer to sell Reliance's interest to Intown. No agreement was reached, and Intown subsequently filed a declaratory judgment action in August 2005, seeking a determination of its right to seek foreclosure on the debt deed. The trial court granted Reliance's motion for partial summary judgment brought on the basis that cotenant fiduciary duties precluded Intown from foreclosing.

The general rule is that

> tenants in common sustain such a confidential relation to each other, with respect to their interests in the common property and the common title under which they hold, that

> it would be inequitable to permit one of them, without the consent of the others, to buy an outstanding adversary's claim to the common estate and assert it for his exclusive benefit, to the injury or prejudice of his cotenants; and if one cotenant does actually acquire such a claim, he is, unless the contrary appears, to be regarded as holding it in trust for the benefit of his cotenants in proportion to their respective interests.

*Hardin v. Council*, 200 Ga. 822, 830 (38 SE2d 549) (1946). The rule is subject to some exceptions, however, as *Hardin* points out in citing to the opinion in *Hodgson v. Fed. Oil & Dev. Co.*, 274 U. S. 15, 19-20 (47 SC 502, 71 LE 901) (1927). *Hardin*, 200 Ga. at 830. In *Hodgson*, the U. S. Supreme Court observed that the general rule does not apply where the interests of the cotenants accrue at different times by different instruments and under circumstances that show there is no good reason to recognize mutual fiduciary duties. Id. at 19-20. Here, Intown acquired and recorded its interest in the property and the debt deed prior to Reliance's acquisition of its interest by subsequent instrument. The record shows an adversarial relationship between Intown and Reliance with respect to acquisition of interests in the property. They did not become cotenants in a relationship of mutual trust and confidence with respect to interests in common property acquired from a common source at the same time. Rather they are cotenants in law only that acquired interests in the property with no apparent expectation of trust or cooperation. See *Dampier v. Polk*, 58 S2d 44, 50-51 (Miss. 1952); compare *Motor Aid, Inc. v. Ray*, 53 Ga. App. 772, 773-774 (187 SE 120) (1936). We find nothing in these circumstances justifying application of the general rule. The trial court erred by granting Reliance's motion for partial summary judgment as to the debt deed.

2. Intown's action also named Marathon Investment Corporation as a defendant alleging that Marathon held unpaid tax executions on the property at issue. The record shows that the Fulton County Tax Commissioner, for consideration paid, transferred the executions to Marathon. The action alleged that Marathon refused to allow Intown to pay off the executions and sought a declaration from the trial court that Marathon be required to accept payment from Intown and cancel the executions. We find no error in the trial court's grant of Marathon's motion to dismiss it from the action on the basis that the record shows the tax executions have been paid and marked cancelled.

*Judgment affirmed in part and reversed in part. Ruffin, P. J., and Bernes, J., concur.*

DECIDED DECEMBER 30, 2008 — 

*McLarty, Robinson & Van Voorhies, John E. Robinson*, for appellant.

*Proctor Hutchins, Robert J. Proctor, Bradley A. Hutchins, Adam C. Caskey*, for appellees.